Mr. Justice TaiMBLE
 

 delivered the opinion of the Court—
 

 This is a contest for lot number 86, in the city óf Cincinnati. The appellees, who were complainants in the Court below, claim the lot,-in right of the complainant, Belinda, as'half-sister and heir at law of Thomas Doyle, Jun. only son of Thomas Doyle, the elder.
 

 In the year 1795, Abraham Garrison became the.proprietor,- and was seised in fee of the lot in controversy.
 

 The bill charges, that on the 10th of September, 1799, Abraham Garrison, being so seised, sold the lot .to William and -Michael Jones," brothers, and partners in trade, for the price of 250 dollars; part of which being paid, the said Abraham Garrison gave a receipt for the same, binding himself to convey ; which receipt is annexed, and made part of the bill: That a few days after, the said Abraham Garrison made a deed of conveyance, attested by two witnesses, to .the Jones’s, for the lot; which deed has been lost by time and accident: That on the 26th of March, 1800, William Jones, in behalf of the firm of William and Michael Jones, conveyed the lot to Thomas Doyle, jun.; and that although the intention of that conveyance was to pass the title of both partners, and is in equity .good for that purpose; yet, as it did not pass the legal, title of Michael Jones, he has since, in the year 1819, for the purpose of confirming the title of the complaihants, made a deed of confirmation to the-complainant, Thomas S. Hinde.
 

 Various other matters are stated in the bill, as strengthening and confirming the equitable right of the complainants, in' right of the said Belinda, as heir-at law of Thomas Doyle, jun.
 

 . The bill charges, that the defendants have fraudulently, and with notice of the claim of Thomas Doyle, jun. and of the complainants, subsequently, obtained conveyances of the legal title, from and under Abraham Garrison, and seeks discovery and relief.
 

 The defendants, James Findlay, 'William Lytle, Charles Vattier, and Robert Ritchie, answered; and the bill was taken as confessed, against the other defendants, for want of answer.
 

 The answer put in issue, generally, the allegations of the bill, and the title of . the complainants; but it is hot at present, necessary to say, whether they do or do not, sufficiently, deny • notice.
 

 It appears, from the answers, and title deeds filed in the cause, that all the defendants, as well those who have not an-' swered, as those who have, are interested in defending the title'
 
 *244
 
 of the lot: they standing in relation to each other as vendors* warrantees, and vendees.
 

 At the' hearing of the cause, in the Circuit Court, the defendants ; Vattier and Ritchie, were decreed to convey to the complainants; and costs were decreed against all the defendants; and all of the defendants have joined in the appeal to this Court.
 

 The appellants contend, that the decree is erroneous, upon several grounds, which have been very elaborately .argued at the bar. Among these, two preliminary objections have been raised, to the. regularity of the proceedings and decree; and if either of them be sustained, it will be unnecessary to consider the more important objections made to the decree, upon the merits, of the conflicting claims of the parties.
 

 The .first preliminary, objection is, that no affidavit of the loss of the deed, from Garrison to the Jones’s u by time and accident,” as charged in the bill, was made and annexed to the bill..
 

 ■. Ih support of this objection, the counsel for the- appellants have cited numerous authorities, to pro' e, that when the
 
 loss
 
 of a deed* or.other instrument, is.made the ground for coming into a ^ourt.of Equity, for discovery and. relief, an affidavit of its loss must be made, and annexed to the bill — and, that the absence of such affidavit, is .good Cause of demurrer to the bill. Bui no case has been cited, and'none. is recollected, in whiclf.i nas been decidéd, that although the party charged, failed M demur for that cause, but answered over to the bill, or, permitted it to be taken for confessed, by default, against him, yet the absence of. the affidavit is sufficient cause for a reversal of the decree.
 

 If such a decided case were shown, we should exceedingly doubt its reason and authority.
 

 The objection appears to us to be of that character, which ought to be made at the earliest practicable stage of the cause; and if not then made, should be considered as waived. Upon the face'of the bill there is an apparent jurisdiction, and the use of the affidavit is only to
 
 show, prima facie,
 
 the truth of the matter.
 

 It is not like the cases in which there is an apparent want of equity, on the face -of the bills, admitting all th.e facts stated to be true; nor like the case, in which it is apparent, on the face of the bill, that a Court of Equity could have no jurisdiction of the matters charged.' In such cases, although 'a demurrer will be to the bill, yet none.is necessary; inasmuch as there is either an absolute want of equity, or of jurisdiction.
 

 . We think the supposed former existence and loss of the deed from Garrison to the Jones’s, wás pot the only ground for ap*
 
 *245
 
 pealing to a Court of Equity for relief. If the deed, as stated in the bill, were produced, it, in consequence of not being proved, or acknowledged and recorded, would be insufficient ■ as a legal title against subsequent purchasers, without notice. The,complainants had a Fight to a discovery, upon the ground-of notice, against the defendants; and if notice should be brought home to them, the complainants had a right to relief, by a decree quieting the title, &c.
 

 Again: If the complainants should fail, as we .think they have failed, to prove, by competent and satisfactory evidence, the former existence, execution* and contents .of a formal deed of conveyance, sufficient to pass the legal title; we perceive no reason why they might not rely upon the executory contract contained in the receipt; and in this latter view of the case, the jurisdiction of the Court of -Equity is unquestionable; and a general demurrer to the whole bill, for want of an affidavit, would not be sustainable. At most, a demurrer to only so much, of the bill as stated and relied on the deed, could, have been maintained for want of an affidavit, of its.loss. - ■
 

 The second preliminary objection to the proceedings and decree, is the want of proper parties.
 

 It' has been argued, for the appellants, that Abraham Garrison was a necessary party; and, that as the complainants claim through him by an executory contract; he ought to have been before the Court before any decree could be made against the defendants; who also claim through and under him, by a subsequent conveyance, of the legal title.
 

 The counsel for the appellees endeavoured to-overcome this objection, by arguing, that the deed from Garrison to the Jones’s, conveyed the title from him to them; that the contract was, therefore, not executory, but executed between Garrison and the JCüies’s; and further, if it were not so, that there was no necessity for bringing Garrison before -the Court; he having conveyed away the legal title to the appellants; and tliaí therefore ho decree could be made against him.
 

 We have already, said, the evidence in the cause does not establish a formally executed conveyance from Garrison to the Jones’s, sufficient to convey the legal title; and that the complainants are therefore driven to rest, their case upon the exe-cutory contract, contained in the receipt.
 

 Under this aspect of the case, was it necessary to make Garrison a party, to enable the Court to pronounce a decree between the parties,-really before the Court?
 

 In the case of Symmes
 
 vs.
 
 Guthrie,
 
 9 Cranch,
 
 25, this Court declared the general rule to be, that, “ regularly,' the claimants who have an equitable title, ought to make those whose title they assert; as well as the person for whom they claiiq a con*
 
 *246
 
 veyance, parties to the suit.” “And that for omitting’ to do so, an original bill may be dismissed.”
 

 In- the case of Mallon and others
 
 vs.
 
 Hinde, 12
 
 Wheat.
 
 193. 196, the complainants claimed a survey ill-the military district, in Ohio,, by virtue of certain executory contracts, with Elias Eangham, and the heirs of Sarah Heard; and sought, by their bill against Hinde, to obtain a conveyance from him of- the legal title; which, it was alleged, ne had fraudulently obtained, with notice of the .complainants’ prior equity. Langham, and the heirs of Sarah Beard, were not made defendants; and for that cause, the defcree was reversed. There is no distinction, in principle, between that case and this. In that case, this Court, in delivering its opinion, hold the following language: “ For the appellees, it'.is insisted the proper parties are not before the Court, so as to enable the Court to decree upon the merits of conflicting claims. And we are all of that opinion.” “ The complainants can derive no claim in equity to the survey, under or through Langham’s executory contract with the Beards, unless these contracts be such as ought to be decreed against them, specifically, by a Court of Equity.” “ How can a Court of Equity decide, that these contracts ought to be specifically decreed, without hearing the parties, to them ? Such a proceeding would be contrary to the rules which govern Courts of Equity, and against the principles of natural justice.”
 

 This reasoning applies with equal force to the ca.se at bar. Here, however perfect all the other links may be in the chain ' of the complainant Belinda’s equitable title to the lot in contest, she can have no claim to it in equity, but through and under the executory contract of Garrison with the Jones’.s. Garrison has a right to contest the equitable obligation of that contract. No decree can be made for the complainants, without first deciding, that the contract of Garrison ought to be specifically decreed. He might insist the purchase money had not been paid, or make various other defences. • It is not true, that if he were made a party, no decree could be made against him. It might not be necessary to require him to do any act, but it would be indispensable to decide against him the invalidity of his obligation to convey, and overrule such defence as lie might make; and if the purchase money had not been paid, to provide by the decree for its payment, before any decree could be made against the defendants holding the legal title. We are all of opinion, that upon this second preliminary objection, the decree. of the Circuit Court must be reversed.
 

 A question of some difficulty presents itself, as to the extent of the reversal. The decree of the Circuit Court directs the defendants, Ritchie and Vattier, to convey certain portions of
 
 *247
 
 the lot of ground; and awards costs, generally, against all the defendants. There is no doubt, the defendants, against whom there is only a decree for costs, could not appeal alone, bora the decree of costs. But the defendants, below, have all appealed together, and although some of them hold the legal title to the lot, yet they all have an interest in defending the title; standing as they do, in the relation of vendors and- warrantees, and vendees. Under these circumstances, wé think the reversal should be general, as to all of the appellants, and the whole case opened. And we' are the more inclined to adopt this course, because, so numerous, and so great, have been the irregularities in, conducting the cause in the Court below, from its commencement to its termination, by decree; that it scenis impracticable that justice be done between the parties, without sending the cause back, as to all the parties; with directions, that the complainants have leave, if asked by them, to amend-their bill, and make the proper parties; and to proceed
 
 denovo
 
 in the cause, from filing , such amended bill.
 

 This eause came on, See. on consideration whereof, It is the opinion of this Court, that there is error in the proceedings and decree of said Circuit Court, in this, that Abraham Garrison ought to have been made a party, but was not, before a decree was made between the parties in the cause. Whereupon it is-adjudged, decreed, and ordered, that the decree of said 'Circuit Court, for the district of Ohio, in this cause, be and the same is hereby wholly reversed, annulled, and set aside. And it is further ordered, that the cause be remanded to the Court from whence it came, with instructions to permit the complainants, upon application for that purpose,- to amend their bill, and to make proper parties, and to proceed
 
 de novo
 
 in the cause, from the filing of such amended bill, as,Law and Equity may require-.