CRANE *v.* CHICAGO & N. W. RY. Co. and others.

*(Circuit Court, S. D. Iowa, C. D.   February 1, 1884.)*

1. BILL FOR SPECIFIC PERFORMANCE MUST BE BASED UPON SOME CERTAIN CONTRACT OR AGREEMENT.

    In order to sustain an action for specific performance against a railroad company, to compel it to construct its line through a certain city, and for other relief, it is necessary for the complainant to prove that he had an agreement with the railroad company whereby that company was bound to construct and operate the main line of its road through that city.

2. RESIDENCE OF A LEASED RAILROAD COMPANY AS REGARDS ITS RIGHT OF RE-
MOVAL OF ACTION TO FEDERAL COURT.

A railroad company under a perpetual lease to a foreign corporation is not, by that fact, a resident of the same place as the latter; therefore, an action against it and its lessor cannot be removed to a federal court on the ground of its residence being in a state other than that of the complainant, unless it can be shown that it is not a material party.

Motion to Remand.

*Bancroft, Bowen & Sickmon* and *Collender & Smith,* for complainant.

*W. S. Clark* and *N. M. Hubbard,* for defendants.

SHIRAS, J. The petitioner in the above cause filed in the circuit court of Polk county, Iowa, a petition wherein he averred and set forth that he was a resident and property owner in Polk City, Iowa; that the Des Moines & Minnesota Railroad Company, formerly called the Des Moines & Minneapolis Railroad Company, is a corporation created and organized under the laws of the state of Iowa, for the purpose of constructing and operating a line of railway from the city of Des Moines, in Iowa, to the state line in the direction of Minnesota; that the original line surveyed and constructed passed through Polk City; that said company caused the necessary steps to be taken to procure the voting of a tax of 3 per cent. in aid of said railway in Madison township, wherein Polk City is located, the condition upon which said tax was voted being that the line of railroad should be built from the city of Des Moines via Polk City through Polk county; that the tax was voted and paid to the railroad company, which constructed and operated its line through Polk City; that Polk county, through its board of supervisors, in consideration of the agreement of the company to build and operate its line through Polk county via Polk City, granted to said company some 15,000 acres of swamp lands belonging to the county; that many citizens of Polk City and county subscribed to the capital stock of the company on condition that the line of said road should pass through Polk City; that said company constructed its line of railroad from Des Moines through Polk City to Ames, in Story county, and operated the same until 1880; that in the year 1879 the Chicago & Northwestern Railway Company leased said line of railway from the Des Moines & Minnesota Company, and thereafter changed the line and location of the railroad, so that its main line passes about two miles east of Polk City, and not upon the line upon which it was originally constructed, whereby complainant and other property owners in Polk City have been greatly damaged.

The Des Moines & Minnesota Railroad Company and the Chicago & Northwestern Railway Company were both made parties defendant to the petition, and the prayer for relief is as follows:

"Wherefore, plaintiff demands that defendants be required to reconstruct and operate the main line of said railroad upon the line originally constructed, running from the city of Des Moines, in Polk county, Iowa, north, via Polk City, to Ames, in Story county, Iowa, making Polk City a station on said main and continuous line of railroad from the city of Des Moines, Iowa, to

Ames, Iowa, and that the same be constructed and operated in full compliance with the terms and conditions upon which the taxes were voted and paid, swamp lands conveyed, and subscriptions paid as aforesaid, and prays a peremptory writ of *mandamus*, commanding the said defendants to forthwith comply with the above demands, and for such other remedy and relief as may be lawful and proper in the premises."

Both defendants appeared in the state court and filed a joint answer, wherein they admit that the line of the railway as originally built was located through Polk City, and that the tax aid was voted and the swamp lands were granted as charged in the petition. The defendants then aver that the Chicago & Northwestern has leased the line of road in question of its co-defendant, and has become the owner of the stock, franchise, privileges, and property of the Des Moines & Minnesota Railroad Company; that the line as originally constructed via Polk City was narrow gauge, badly built, with high grades and many curves; that the Chicago & Northwestern Railway Company, desiring to change the road to a broad-gauge line, and to improve it in other particulars, and to shorten the distance, and for other reasons, made overtures to the citizens of Polk City for liberty to change the location of its line, and finally entered into a written contract with some 35 citizens of Polk City, wherein it was provided that the line might be changed upon certain terms and conditions in the contract set forth, all of which, with the acts of the company in fulfillment thereof, are set forth at length in the answer. Thereupon the Chicago & Northwestern Railway Company filed a petition for the removal of the cause to the federal court, averring therein that complainant was a citizen of Iowa, the Chicago & Northwestern a corporation created under the laws of the state of Illinois; that the Des Moines & Minnesota Railroad Company, a corporation created under the laws of the state of Iowa, was merely a nominal party in the suit, for the reason that the Chicago & Northwestern Company was the owner of all the stock and franchise of the Des Moines & Minnesota Company, and the lessee in perpetuity of said railway, and, as such, is charged with the duty of operating said railway, and subject to the payment of all claims and demands made against the Des Moines & Minnesota Railroad Company, and also solely liable to obey any orders and perform any judgment made in this cause; and that the controversy can be fully determined between complainant and the Chicago & Northwestern Railway Company, who are citizens of different states, without the presence of the Des Moines & Minnesota Railroad Company, and further averring that the amount in controversy exceeds $500 in value. The state court granted the prayer of this petition, and the record has been filed in this court. The complainant moves to remand, on the ground that complainant and one of the defendants, the Des Moines & Minnesota Railroad Company, are citizens of the state of Iowa, and were such when the suit was brought.

On the part of the Chicago & Northwestern Railway Company it is claimed that the Des Moines & Minnesota Company is merely a nominal party to the suit, whose presence as a co-defendant does not defeat the right of the Chicago & Northwestern Company to a removal of the controversy from the state to the federal court. It is not claimed that there is a separable controversy wherein complainant and the Chicago & Northwestern are alone interested. There is but one controversy involved in the matters set forth in the pleadings; and therefore, to justify a removal to this court, it must be held that the Des Moines & Minnesota Railroad Company is not a material, but only a nominal, party defendant to the petition. The contract for the construction and operation of the line of railway through Polk City, for the alleged breach of which this suit is brought, was entered into by the Des Moines & Minnesota Company. It was that company which received the tax aid and the swamp lands, which, according to the averments of the petition, were given it in consideration of the agreement on its part to construct and operate the line of railroad through Polk City. The prayer of the bill in the first instance is for a decree enforcing specific performance, and, failing in that, for such other relief as may be proper. To obtain relief in either form it is incumbent upon complainant to prove that he had a contract or agreement with the Des Moines & Minnesota Railroad Company whereby that company was and is bound to construct and operate the main line of its road through Polk City. The whole equity and right of complainant is based upon the existence of such an agreement, and therefore its existence, its validity, the true construction thereof, and the rights and equities conferred thereby, are matters absolutely and essentially necessary to be shown on behalf of complainant. A decree to the effect that the Des Moines & Minnesota Railroad Company had bound itself to construct and operate the main line of its road through Polk City would certainly affect the rights and interests of that company. That company is still the owner of the road, subject to the lease executed to the Chicago & Northwestern Railway Company. A decree requiring a change in the present location of the railway would affect the property, therefore, of the Des Moines & Minnesota Railroad Company. The contract which is sought to be established and enforced is the contract of the latter company, and that company has an interest in the property to be affected by the decree. As is said by the supreme court of the United States in *Mallow* v. *Hinde*, 12 Wheat. 193:

"How can a court of equity decide that these contracts ought to be specifically decreed without hearing the parties to them? Such a proceeding would be contrary to the rules which govern courts of equity, and against the principles of natural justice."

It is urged in argument that, by reason of the leasing of the property in perpetuity to the Chicago & Northwestern Company, the Des Moines & Minnesota has parted with all interest in the property. The

fact that it is a lease and not an absolute sale of the property shows that the Des Moines & Minnesota Company still retains a title and a legal interest in the property. The court cannot know but what the Chicago & Northwestern Compay may in the future forfeit the lease, so that the possession and use of the property may revert to the lessor and owner. It does not appear but what the Des Moines & Minnesota is still vitally interested in the management and success of the road, as the rental paid may be dependent upon the amount of the earnings and expenses, and these will, in all probability, be affected in some degree by the result of this litigation. But, aside from these considerations, the fact remains undoubted that the very foundation of complainant's case is the existence of the alleged contract with the Des Moines & Minnesota Railroad Company, binding that company to operate its main line through Polk City; and the necessity of establishing this contract imposed the duty on complainant of making the company that is alleged to have made it, a party defendant to the suit.

In *Findlay.* v. *Hinde,* 1 Pet. 241, it was ruled that "to a bill for specific performance of a contract to convey land the vendor is a necessary party, *though he has parted with his title and his grantees are made parties.*" In that case it was claimed that one Garrison had bound himself to convey certain land to William and Michael Jones, and that he had afterwards conveyed the land to other parties. The latter parties were made defendants to a bill for specific performance, and it was pleaded that there was a defect of parties, because Garrison was not a party. In answer thereto it was urged that as Garrison had conveyed the land to others, and as these parties were defendants, and the decree for conveyance of title would operate against them, it was not necessary to make Garrison a party to the bill. The supreme court held that he was a necessary party, saying that complainant "can have no claim to it in equity but through and under the executory contract of Garrison with the Joneses. Garrison has a right to contest the equitable obligation of that contract. No decree can be made for the complainants without first deciding that the contract of Garrison ought to be specifically decreed. He might insist that the purchase money had not been paid, or make various other defenses. It is not true that if he were made a party no decree could be made against him. It might not be necessary to require him to do any act, but it would be indispensable to decide against him the validity of his obligation to convey and overrule such defense as he might make."

Under the doctrine thus announced it is clear that, in the present case, the Des Moines & Minnesota Company has the right to contest the existence of the contract alleged against it. As already said, the existence, the true construction, and binding force of the alleged contract, and the right of complainant to demand a specific performance of its terms, are the questions material to the determination of this

litigation, and their decision requires the presence of the party who, it is alleged, made and entered into the contract and against whom it is sought to be enforced.

When the petition for removal was filed, the Des Moines & Minnesota Railroad Company had appeared in the cause, and, by joining in the answer filed, had put in issue complainant's right of recovery. The record shows upon its face that there was then pending a controversy between complainant and the Des Moines & Minnesota Company. In that controversy the latter company would be entitled, if the proofs and the law justified it, to a decree in its favor, and the complainant, in like manner, would be entitled to a decree establishing the existence of the contract, its breach, and for the appropriate remedy. Under these circumstances it cannot be held that the Des Moines & Minnesota Company is merely a nominal party. The decree sought affects its rights, and on principle it should be heard before a decree is passed affecting those rights. Having been made a party, the record shows that it is seeking to defend itself, and to that end is seeking to defeat the entire claim and remedy sought by complainant. It is, therefore, both a proper and an active party to the controversy. The fact alleged in the petition for removal, that the Chicago & Northwestern Railway Company owns the stock and other property of the Des Moines & Minnesota Company, cannot change this result.

It is not claimed that there has been a merger of the one corporation into the other. The Des Moines & Minnesota Company is still a distinct and separate company, and the court cannot take cognizance, upon questions of this character, of the ownership of the stock in the corporation. The Chicago & Northwestern Company may sell all the stock owned by it in the Des Moines & Minnesota Company, but that would not change the legal *status* of the latter company. The controversy of complainant is with the company, and not with its stockholders.

Having reached the conclusion that the Des Moines & Minnesota Railroad Company cannot be held to be a nominal party in this controversy, but, on the contrary, is a material and active participant therein, it follows that this case is not one properly removable into this court, and the motion to remand must be sustained; and it is so ordered.

McCRARY, J., concurs.

---

Petition for Rehearing on Motion to Remand.

SHIRAS, J. A rehearing on the motion to remand is asked on two grounds:

1. It is urged that the authorities show that *mandamus* will not lie to enforce an ordinary personal contract, and hence that this remedy

cannot be granted in the present case against the Des Moines & Minnesota Company. If it is not an appropriate remedy against the Des Moines & Minnesota, neither is it appropriate against the Chicago & Northwestern. Whether or not it is a proper remedy, under the facts in this case, is a question made upon the pleadings, and is to be determined and decreed upon the hearing. This court, upon a motion to remand, based upon the ground that this court has not jurisdiction of the cause, cannot pass upon a question at issue in the cause, of the character of that raised by counsel.

2. The bill in this cause not only prays for a *mandamus*, but for other appropriate relief. It is based upon two general facts: (1) That the Des Moines & Minnesota Railroad Company bound itself by a contract, to the benefit of which plaintiff is entitled, to build and operate the main line of its road through Polk City; (2) that the Des Moines & Minnesota and its lessee, the Chicago & Northwestern, have violated this contract to the injury of complainant.

The relief sought is specific performance, to which end a *mandamus* is prayed, and other relief. The essential fact necessary to be shown to sustain the bill is that the Des Moines & Minnesota Company entered into the contract alleged. This is as essential to relief against the Chicago & Northwestern as against the Des Moines & Minnesota. The latter company defends the action, and denies the existence of the contract, and the right of complainant to enforce same. In passing upon the issue, whether such a contract as is alleged in the bill was made by the Des Moines & Minnesota Company, the latter company is a material and not a nominal party. If it is shown that such a contract was not made, that ends the case, and in settling this issue the complainant has the right to make the Des Moines & Minnesota Company a party, so as to bind it by the conclusion reached, and the latter company has a right to contest the claim made against it. If it is decided that such a contract exists, and that it has been violated, then the question will arise as to the remedy, if any, that can be given. If *mandamus* is not a proper remedy, a decree for specific performance, aided by injunction, may be proper, and it may be that the Des Moines & Minnesota should be included therein. It certainly should be included in so much of the decree as determines the question of the existence of the alleged contract and its breach.

The line of reasoning employed in the petition for rehearing requires this court to determine questions presented on the record as it now stands, it being claimed that, if properly decided according to the weight of authority, it will appear that relief by *mandamus* cannot be given against the Des Moines & Minnesota Railroad Company, and therefore that company is merely a nominal party. To determine these questions requires the court to examine and pass upon part of the issues presented on the record, which can hardly be expected upon a motion to remand. But admitting that relief by *mandamus* may not be proper, some other form of relief may be grantable, and hence the

court must hear and determine the issue made by the bill and answer of the Des Moines & Minnesota Railroad Company, to-wit, was there a contract made by the latter company regarding the line of the railroad, and, if so, has there been a breach thereof? To this issue made by the pleadings, and which is essential to the final decision of the cause, the Des Moines & Minnesota Railroad Company is an active and material party, and cannot be held to be a nominal party.

Petition for rehearing overruled.