# Hanscom *v.* Chapin, Appellant.

*Foreign attachment—Execution—Stay of execution—Practice, C. P.— Appeals.*

Where a person has attached in his own hands money which he owed the defendant, he cannot after judgment has been entered against himself in a suit by the creditor, have the execution stayed pending the disposition of the foreign attachment without paying or offering to pay into court, the amount claimed under the foreign attachment.

Not decided whether an appeal is from an order discharging rule to stay execution pending a prior foreign attachment, where it only appears from matter without the record that the plaintiff in the attachment was the defendant in the execution.

The general rule is that no appeal lies from the refusal to stay or set aside an execution, where the application is based on facts outside the record.

Argued Dec. 16, 1904. Appeal, No. 231, Oct. T., 1904 by defendant, from order of C. P. No. 4, Philadelphia Co., June T., 1904, No. 2752, discharging rule to stay execution in case of William E. Hanscom and Matthew Hanscom, trading as Hanscom Brothers, *v.* George W. Chapin. Before RICE, P. J., BEAVER, ORLADY, PORTER, MORRISON and HENDERSON, JJ. Affirmed.

Rule to stay execution.

The opinion of the Superior Court states the case.

*Error assigned* was the order of the court.

*Thomas Diehl,* for appellant.

The judgment of the court below is opposed to the authorities: Ireland v. Stockham, 14 W. N. C. 126 ; Penna. R. R. Co. v. Davenport, 154 Pa. 111.

*Alfred R. Haig, Henry C. Thompson, Jr., Dwight M. Lowrey* and *William F. Harrity* for appellees.

Where the plaintiff in the attachment and the garnishee are the same person, neither the writ nor the judgment has any effect whatever. Nothing avails but the set-off: Moyer v. Lobengeir, 4 Watts, 390.

In this case Chapin has exercised his election not to plead

his set-off, and as his writ of foreign attachment is nothing but the assertion of a set-off, he cannot urge such writ as a ground for stay of execution: Himes v. Barnitz, 8 Watts, 39; Pennell v. Grubb, 13 Pa. 552; McCredy v. Fey, 7 Watts, 496; Lewis v. Culbertson, 11 S. & R. 59; Shannon v. Truefit, 1 W. N. C. 248.

OPINION BY RICE, P. J., March 14, 1905:

In an action of assumpsit to recover the price of goods sold and delivered, the defendant replied by affidavit admitting the indebtedness but averring (1) that the plaintiffs were indebted to him in a greater sum; (2) that by a foreign attachment instituted before this suit was brought, the moneys alleged to be due to the plaintiffs were attached in his hands as garnishee, and suggesting that the plaintiffs were not entitled to judgment in this suit until the foreign attachment proceeding should be determined. The court gave judgment for want of a sufficient affidavit of defense. Four days afterward the defendant applied for and obtained a rule to show cause why execution should not be stayed pending the proceeding in foreign attachment. The plaintiffs filed an answer setting forth what was not distinctly shown in the affidavit of defense nor in the affidavit upon which the rule was granted, namely, that the plaintiff in the attachment was the defendant in this action and judgment. This appeal is from the order discharging that rule, and no other matter is assigned for error.

The question whether an appeal lies from such an order was not raised upon the argument, and in disposing of the appeal upon its merits we are not to be understood as establishing a precedent for future cases. The general rule is that no appeal lies from the refusal to stay or set aside an execution where the application is based on an allegation of facts outside the record: Stephens v. Addis, 19 Pa. Superior Ct. 185 and cases there cited. But passing that objection, we think there is no merit in the appeal.

A person may by foreign attachment attach goods in his own hands belonging to a defendant, or money which he himself owes to a defendant: Coble v. Nonemaker, 78 Pa. 501; Moyer v. Lobengeir, 4 Watts, 390. The mere pendency of such an attachment does not bar his creditor, the defendant in the

attachment, from suing and obtaining judgment for the amount of the debt due him : Brown v. Scott, 51 Pa. 357. Nor even if he has obtained judgment in the attachment is this a bar to an action against him. The law is thus stated in Sergeant on Foreign Attachment, 81 : " But if a person has attached in his own hands money which he owed to the defendant, he is bound, if afterward sued by his creditor, when pleading or giving in evidence the attachment, to set forth and prove the debt due from the defendant to him, on which the attachment was founded." Hence it was held in Moyer v. Lobengeir, 4 Watts, 390, that it was a sufficient objection to the offer of the record of the foreign attachment by the defendant on the plea of payment, that it was not accompanied with proof of the bond on which the judgment was founded. SERGEANT, J., pointed out the distinction between a case where the plaintiff in the attachment is a third person and a case where he proceeds against funds in his own hands and concluded : " If a defendant, therefore, seeks to avail himself of a prior attachment of the plaintiff's debt in his own hands, he must show the existence of the original debt on which the judgment in the foreign attachment was rendered." This does not necessarily imply that he must forsake the proceeding in attachment and plead his counter claim as a set-off. We can conceive of cases where, in order to secure the attaching creditor in all the rights of priority and lien which his attachment gives him, he could appropriately ask to have execution stayed until the determination of the attachment. This is common practice where the attaching creditor is a third person, and we do not say that circumstances might not entitle one who has attached money in his own hands to the same relief. But we can conceive of no case where he could demand it as matter of right unless there be coupled with his application an offer to pay the amount of the judgment into court. If there are any exceptions to this general rule this case does not fall within them.

The order is affirmed.