UNITED STATES v. CARTER et al.

SEARLES et al. v. UNITED STATES.

(Circuit Court of Appeals, Seventh Circuit. July 27, 1911.)

No. 1,759.

PARTIES (§ 40*)—INTERVENTION—PROPERTY IN CUSTODIA LEGIS.

The government having been awarded a recovery of certain funds on account of an officer's betrayal of his trust in respect to the letting and execution of certain improvement contracts, before the Supreme Court's mandate that the funds be turned over to the government was acted on by the Circuit Court, petitioners, who were general creditors only of the

---

contracting company, applied for leave to intervene and to claim a portion of the funds as a trust fund, on the theory that they had been paid inadequate and unjust wages by the contractor, and that one of such interveners had been compelled to take partial payments in trade at exorbitant prices, and that the company had fraudulently rejected some of his work and afterwards used it. There was no allegation, however, that the exorbitancy of the prices or the fraudulent rejections were unknown to the intervener at the time, nor was there any allegation that petitioners had established their right at law, or that the contractor was insolvent. *Held* that, petitioners not having been owners or possessors of any part of the particular fund in court, and not having shown themselves the beneficiaries of a trust in such funds, their petitions were properly denied.

[Ed. Note.—For other cases, see Parties, Cent. Dig. §§ 61–67; Dec. Dig. § 40.*]

Appeal from the Circuit Court of the United States for the Eastern Division of the Northern District of Illinois.

Action by the United States against Oberlin M. Carter and others, in which Jerry Searles and others intervene. From a judgment overruling their petitions, they appeal. Affirmed.

John B. Daish, Isaac M. Jordan, William Garnett, and Richard M. Charlton, for appellants.

Marion Erwin, Sp. Asst. Atty. Gen., for the United States.

Before BAKER, Circuit Judge, and SANBORN and CARPENTER, District Judges.

BAKER, Circuit Judge. In United States v. Carter, by a decree of the circuit Court, affirmed on appeals (172 Fed. 1, 96 C. C. A. 587, and 217 U. S. 286, 30 Sup. Ct. 515, 54 L. Ed. 769), the government was awarded a recovery of certain funds on account of Carter's betrayal of trust in respect to the letting and execution of contracts for the improvement of Savannah harbor by the Atlantic Contracting Company. Before the Supreme Court's mandate that the funds be turned over to the government was acted on by the Circuit Court, appellants Searles, Burke, and Palmer filed their joint petition for leave to intervene, accompanied by their several proposed intervening petitions.

Searles alleged in his tendered pleading that he worked on the harbor improvement from October, 1892, to October, 1897, for the Atlantic Contracting Company, at an agreed wage of $56 per month; that the company in fact paid him only 75 cents a day; that the company's failure to pay him in full "constituted a breach of contract and a fraud upon your petitioner, in that the amount so withheld was appropriated as profits, and is represented in the sums paid to the company by the government, in which is included the sums now held by the receiver, and the said act of appropriation was a fraud upon your petitioner and upon all others similarly situated"; that your petitioner adopts the material allegations of the original bill; that the evidence in the cause showed that the greater portion of the profits secured by the contracting company "was represented by the perpetration of this fraud upon your petitioner and his fellow laborers,

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

in paying them and his fellow laborers said inadequate and unjust wages"; that there is now in the custody of the court "a trust fund" that accrued from the aforesaid fraud; that by reason of the fraud the contracting company is a "trustee in equity" for your petitioner; that your petitioner "traces said trust fund so wrongfully withheld from him into said sum now in court"; that your petitioner has no adequate remedy at law, and is remediless without the intervention of the court in his behalf.

Burke's proffered complaint was the same. Palmer averred additionally that he was compelled to take his partial payments in trade at exorbitant prices, and that the company fraudulently rejected some mattress bundles made by him, and afterwards used them in the work. But he does not allege that the exorbitancy of prices or the fraudulent rejections were unknown to him at the time.

Appeal is made to us to reverse the order of the Circuit Court denying leave to intervene. On the pleaders' theory that there is in court a trust fund in which appellants are beneficiaries, that they have no adequate remedy at law, and that they are wholly remediless otherwise, intervention is a matter of right, and a denial thereof is an appealable order. U. S. Trust Co. v. Chicago Terminal Co. (C. C. A.) 188 Fed. 292.

Appellants were never owners or possessors of any part of the particular funds in court. Nor do they show themselves the beneficiaries of a trust in these funds; for, to constitute a trust, not only would it have been required that the Atlantic Contracting Company should have engaged to pay them from these funds, not generally, but, further, that the company should have set apart the necessary portion of these funds for that purpose.

Simply general creditors of the Atlantic Contracting Company was the status of appellants as exhibited by their pleadings. To lay the foundation for equity to follow the unincumbered assets of the company into the hands of others, an averment of the company's insolvency was requisite. No such charge appears.

If the intervening petitions were sufficient otherwise, the omission of the Atlantic Contracting Company as a party defendant would be fatal. At the base of appellants' case lies the assertion of a certain contract with the company and the company's breach. These alleged facts have never been judicially determined. Establishment of them would have to underlie any equitable claim against the appellee. If the company were in, it might prove that there was no contract or breach as alleged and consequently that the government's retention of the funds could not be in fraud of appellants' rights. Swan Land Co. v. Frank, 148 U. S. 610, 13 Sup. Ct. 691, 37 L. Ed. 577; Findlay v. Hinde, 1 Pet. 241, 7 L. Ed. 128, 2 Rose's Notes, p. 692.

General charges of fraud are made, but the facts disclose only unpaid debts. That appellants are without remedy, unless by intervention, is a conclusion that seems to be true, but not in the sense intended by the pleaders. To permit a money demand against a solvent debtor to become outlawed does not create an equitable right afterward to pursue the debtor's assets into the hands of strangers.

The order appealed from is affirmed.