**Eisenhardt v. Coastal Industries, Inc.**

*Hon. Spencer R. Liverant,* for plaintiff.
*Peter J. Mangan,* for defendant.

ATKINS, P. J., November 22, 1971.—Plaintiffs entered judgment by confession against defendant in this court. Thereafter, defendant petitioned the United States District Court for the middle district of Pennsylvania to remove the action from this court to that one. That petition was granted and the case was removed to the Federal court.

Defendants then filed a motion for relief from judgment in the Federal court pursuant to Federal Rule of Civil Procedure 60. In this motion defendant specifically asked the court:

"A. To vacate and set aside the final judgment entered against defendant in this cause in the Court of Common Pleas of the Commonwealth of Pennsylvania in and for the County of York on the 19th day of October, 1970 and;

"B. To stay execution of and any proceedings to enforce the aforesaid judgment pending disposition of the aforegoing request to vacate and set aside such judgment.

"The request to vacate and set aside the foregoing judgment is based upon the provisions of 60(b) F.R.C.P. by reason of the void character of such judgment and other reasons justifying relief from its operation and the request for a stay of execution, including all further proceeding with respect thereto in this or any other court is based on the provisions of Rule 62(b). This motion is further based upon the affidavit of Howard Ryder, the affidavit of John M. Glenn, the transcript of proceedings in the Summit County Court of Common Pleas in the State of Ohio in Case Number 283215 and the memorandum of law annexed hereto."

Affidavits and counter-affidavits were filed in support of and against defendant's motion.

Plaintiffs then filed a petition seeking a remand of the case to this court. This petition was granted and the entire record, as augmented by the various motions and affidavits, was returned to this court.

Plaintiffs then filed a motion here seeking to have us act upon defendant's motion for relief from judgment, whereupon a rule was granted on the right to show cause why this should not be done.

Then, defendant presented a motion to Judge Shadle of this court to open or strike the judgment. Judge Shadle was not informed of plaintiff's earlier motion. He granted a rule on plaintiffs to show cause

why the judgment should not be stricken or opened. The next day when he was informed of the plaintiff's earlier motion and the rule granted thereon, Judge Shadle revoked his order on the petition to strike or open.

Defendant then filed an answer to plaintiff's motion.

We must now try to achieve some order out of the maze of pleadings and documents that make up this record.

Plaintiff's position is that we should consider the motion for relief from judgment as we would a motion to open under a rule of Pa. R. C. P. 2959. Defendant's position is that the motion for relief is not before this court, since everything that occurred in the Federal court is a nullity except the order of remand. This is based on the theory that the order of remand was entered as the result of a determination by the Federal court, that it lacked jurisdiction and, therefore, no orders made by it, except the order of remand, can have any effect: Floody v. Chicago, St. Paul, M & O Railway, 104 Minn. 132, 116 N.W. 111.

We do not agree with defendant's position, nor do we believe that Floody supports defendant in this case. We are not considering any orders made by the Federal court. We are considering whether this court can take cognizance of pleadings filed while the case was in the Federal court as well as documents filed in the Federal court to support those pleadings.

We think justice requires that we not be blind to these matters and also that the Pennsylvania Supreme Court has sanctioned our consideration of these papers, at least insofar as can be done within our own procedural requirements and practices.

This conclusion is consistent with the holding

in Grone v. Northern Insurance Co. of New York, 388 Pa. 169. There, suit was started in the Court of Common Pleas, Montour County. Some of the defendants in that case successfully sought the removal to the United States District Court for the Middle District of Pennsylvania. Subsequently, after the removal, a default judgment was ordered in the State court against defendants for failure to file an answer to plaintiff's complaint. Later, the Federal court determined that the petition for removal was improvidently granted and remanded the suit to the State court. In the meantime, answer had been filed in the Federal court by defendants against whom the judgments had been entered in the State court.

After the remand, defendants moved to strike off the default judgments. This motion was granted by the court of common pleas, and in its order stated that:

"Defendants are allowed twenty (20) days from the date of this Order to file answer to the complaint . . ."

Here defendant argues that by granting leave to file answers in the State court, after there had been answers filed in the Federal court, the court was, in effect, saying that the answers filed in the Federal court could not be recognized in the State court.

This argument is contrary to the opinion written for the Supreme Court by Chief Justice Charles Alvin Jones when he said:

"The procedure for the removal of the case to the Federal Court had been strictly pursued and when, a year and one-half later, the case was remanded to the State Court, the answers to the complaint, which had been *duly filed* in the Federal

Court, were a part of the record upon its return to the State Court." (Italics supplied.)

A second argument advanced by defendant is that a suit started by defendant in the State of Ohio acts as a bar to further proceedings in the judgment of the case now before us. That argument is founded on the assertion that the Ohio suit was begun by a foreign attachment levied on a debt which is the basis of the judgment here. It is then argued that since the debt, which is the subject of this action, is under attachment in the Ohio action, the proceeding in Pennsylvania must be held in abeyance until the Ohio action is terminated. This is not the law.

In 10 Standard Pa. Pract. §91, it is stated:

"The pendency of an attachment in which the plaintiff has attached in his own hands a debt due the defendant does not bar the defendant from suing his debtor and obtaining judgment for the amount of the debt due him, and he may maintain such a suit even where the plaintiff has secured a judgment in the attachment."

This statement is supported by Moyer v. Lobengeir, 4 Watts 390; Brown v. Scott, 51 Pa. 357; Hanscom v. Chapin, 27 Pa. Superior Ct. 546.

Plaintiffs suggest that we dispose of the case on the motion for relief from judgment filed under F. R. C. P. Rule 60, rather than on our own Pa. R.C.P. 2959.

As pointed out previously, defendant has filed a motion under rule 2959 to strike the judgment, or in the alternative to open it.

The motion filed in the Federal court does not set forth in the pleadings the reasons upon which it is based, whereas the motion under our own rule does. To dispose of the motion filed in the Federal

court, we must sort out the issues in the various affidavits, whereas in the motion to strike or open, defendant has stated specifically its grounds for the relief requested and is limited to those grounds. We, therefore, will proceed on that motion rather than that one filed in the Federal court. We will, however, consider the various affidavits filed in the Federal court insofar as the facts stated therein are material and relevant of the motion filed here.

We, therefore, enter the following

## ORDER

And, now, to wit, November 22, 1971, it is directed that the following will be followed as the procedure in this case to the end that it may be concluded without undue delay:

1. Defendant's motion to strike or open plaintiff's judgment will be the pleading to be acted upon rather than the motion of the defendant filed in the Federal court under F. R.C.P. 60.

2. Plaintiff may file an answer to defendant's petition within 20 days of the date hereof.

3. The affidavits filed in the Federal court will be considered with reference to all factual issues insofar as relevant.

4. Defendant may file depositions to further support its factual allegations, but it is not intended that the facts set forth in the affidavits now filed be repeated. These depositions shall be filed within 30 days after the date of the filing of plaintiff's answer.

5. Plaintiffs may file counter depositions within a period of 30 days after defendant's depositions have been filed. Notice will be given to opposing counsel of the taking of depositions in sufficient time to allow for cross-examination of the deponent.

6. Rebuttal depositions may be filed by defendant within 10 days after plaintiff's counter depositions have been filed.

7. No other depositions may be filed after the expiration of the periods above designated except by leave of the court on cause shown.

8. The case will then be placed upon the next argument list. No further argument will be heard on the points decided in this opinion.