The only remaining point to be noticed is the variance between the contract declared upon for an exclusive use of the invention, and that shown by the evidence. This is not a good ground for reversal under the circumstances. The evidence was admitted without objection ; no surprise was alleged, nor was any request made for the withdrawal of a juror and continuance. Nor was there any question of fraudulent representations,.or of failure of consideration. Had the defendant admitted a contract for exclusive use and defended on the ground that the use had not been exclusive, and thereby loss had accrued or the agreed royalty had been rendered excessive, the variance would have become material, but nothing of this kind was alleged. The defence was a denial in toto of any contract at all. The case was tried on its merits on that issue, and defendant having taken its chance of a verdict cannot now be allowed to profit by the variance.

The motion to amend is allowed, and thereupon judgment affirmed.


## Toner *v.* Zell, Appellant.

*Sale—Warranty.*

In this case plaintiff recovered on defendant's warranty of a horse sold by defendant to plaintiff.

Argued Jan. 5, 1892. Appeal, No. 271, Jan. T., 1891, by defendant, Lemuel Zell, from judgment of C. P. No. 2, Phila. Co., June T., 1887, No. 667, on verdict for plaintiff, Francis Toner. Before PAXSON, C. J., STERRETT, GREEN, WILLIAMS, McCOLLUM, MITCHELL and HEYDRICK, JJ.

Assumpsit on appeal from judgment of magistrate, on warranty by defendant of horse sold by him.

On the trial before FELL, J., the evidence of the plaintiff was to the effect that he had bought a horse from defendant, who warranted the horse sound and a good worker, and said that if plaintiff was not satisfied he could return the horse and get his money back ; that he and others tried the horse and he was not a good worker, and that defendant refused to take back the horse, and plaintiff sold him at public sale, after notice to defendant. Verdict for plaintiff, $63.87.

Defendant's second and fourth points, refused, and his fifth and sixth points and the answers thereto, were as follows :

"*Second.* That if there was an agreement between the parties, as alleged by the plaintiff, that he bought the horse upon trial and placed him in the care and charge of other parties to be worked, the defendant was not bound to receive back the horse, and therefore the verdict should be for the defendant."

"*Fourth.* That the plaintiff agreed to pay $130 for the horse, and having paid $125 at the time of sale, which fact clearly proves that it was not a conditional, but an absolute sale, because it being unusual and inconsistent among dealers to pay nearly the whole amount of purchase money where conditional sales are made."

"*Fifth.* That it was proved that the defendant was willing and ready and offered to work the horse in the presence of the plaintiff, before the sale, to which the plaintiff objected, giving as his reason that he was satisfied, because he had seen and knew that the horse was a good working horse."

*Answer.* "It is for you to say whether this has been proved."

"*Sixth.* A purchaser buys at his own risk, unless the seller gives an express warranty, or unless the law implies a warranty from the circumstances of the thing sold, or unless the seller is guilty of fraudulent misrepresentations or concealment, in respect to a material inducement to the sale, of which there is no evidence or proof in this case."

*Answer.* "I affirm this point as far as it is a statement of the law, and I cannot say to you that there is no evidence to establish it."

*Errors assigned* were (1–4) the answer to defendant's second, fourth, fifth and sixth points, quoting points and answers.

*Charles Davis*, with him *H. G. Hartranft*, for appellant.

*Leoni Melick* and *Sheldon Potter*, not heard, for appellee.

Eo die, PER CURIAM :
Judgment affirmed.