GIDEON RICHMAN and WALTER D. PROUSE, trading as RICHMAN AND PROUSE, defendants below, plaintiffs in error, vs. WALTER S. RICHARDS, plaintiff below, defendant in error.

*Supreme Court—Judgment Affirmed.*

1. It is competent to impeach a witness by putting in evidence, as contradiction of a material portion of his testimony, any written statement which he may have

made out of court. Statements of a witness, sought to be introduced in evidence to discredit him, are inadmissible for that purpose, unless they are inconsistent with, or contradictory of, his testimony on the stand, in some material particular. It is unnecessary that the contradiction should be in terms. All that is required is that the statement previously made by the witness be substantially inconsistent with his testimony on the stand.

2. A correct and proper statement by the trial court of what the plaintiff claimed at the trial, without any expression of opinion as to the justice or legality of the claim cannot be made a ground for the reversal of the judgment.

3. While usually the words "the amount of the contract price for the erection of said houses," might not include the cost of the ground on which the houses were to be erected, yet under the circumstances of the case, and the evidence of the plaintiff as to the agreement, there was no material variance between the declaration and the evidence. If there was a material variance it is too late to raise the objection when no exception was taken to the admission of the evidence, and the matter of variance was not otherwise brought to the attention of the trial court.

4. It is a rule of law that so long as the special contract continues executory, the plaintiff must declare specially; but when it has been performed and executed on his part, and nothing remains to be done but the payment of the price in money by the defendant, which is nothing more than the law would imply against him, the plaintiff may declare generally, or in the common counts, upon the implied promise or he may declare specially on the original contract and express promise, at his election. This election to sue upon the common counts, where there is a special agreement, applies only to cases where the contract has been fully performed by the plaintiff.

5. It is not the province of the trial court to determine whether the special contract set forth in the declaration has been proved. That is a question to be submitted to the jury. If the jury were satisfied that the contract was proved, and that the plaintiff had fully performed his part of it, they would be satisfied in finding a verdict for the plaintiff on the special counts. But if the contract was not proved to the satisfaction of the jury, they would be justified in finding a verdict for the plaintiff on the common counts for such sum as his services to the defendant were reasonably worth.

*(June 1, 1906.)*

NICHOLSON, CH., and SPRUANCE and GRUBB, J. J., sitting.

*Levin Irving Handy* for plaintiffs in error.

*Robert H. Richards* for defendant in error.

Supreme Court, January Term, 1906.

WRIT OF ERROR to the Superior Court for New Castle county.

SPRUANCE, J. :—This action was brought by Walter S. Richards, the plaintiff below, against Richman and Prouse, the defendants below, for the recovery of compensation for services alleged to have been rendered by the plaintiff to the defendants in procuring for them a contract for the erection of certain houses.

The plaintiff, a real estate broker of the city of Philadelphia, claims that during the month of March 1903, he procured a meeting to be had in the city of Philadelphia between the defendants and the Landlith Improvement Company, a corporation of this State, or its representative, which resulted in the defendants' securing a contract for the erection of 127 houses on land then of said company, in the city of Wilmington ; and that for the said service the defendants verbally agreed to pay to the plaintiff one per cent. of the total amount of said contract, to wit, one per cent. of the cost of the ground and the money to be advanced by said company to said defendants for the construction of the houses, and secured by mortgages on the properties embraced in the contract, the total amount of which was $149,050.

The defendants deny that the plaintiff ever performed for them the service for which he has sued, or that they ever agreed to pay him anything for such service; and they aver that they were brought in contact with the said company with whom their contract was made, by Mr. Beatty, a lawyer of Philadelphia, with whom the plaintiff had no connection whatever.

The assignments of error relating to the question whether the plaintiff was or was not a licensed real estate broker when his said alleged service was rendered to the defendants, have been abandoned, but as this was the subject of much contention during the trial, we say that this is a wholly immaterial question so far as concerns this case, as the record does not show that the law of Pennsylvania required such a license, or that any legal evidence of the law of Pennsylvania upon this subject was offered at the trial.

The only assignments of error upon which the defendants rely

for the reversal are the 6, 7, 8, 10 and 11, the others having been withdrawn.

The said Mr. Beatty, a witness on behalf of the defendants, testified to the effect that he had procured the contract between the defendants and the said company, and that the defendants had agreed to pay him for his services, and that, so far as he knew, the plaintiff had no part in such service, and had not been promised by the defendants any compensation for such service.

On cross examination the witness admitted that he had written and sent to the plaintiff the following letter, dated May 18, 1903:

"Mr. Walter S. Richards,

"Dear Sir:

"The commission of two per cent. which Richman and Prouse agree to pay for the deal at Wilmington, Del., is to be applied as follows: one per cent. to you, one-half per cent. to F. S. Zane, and one-half per cent. to myself.".

Afterwards, in rebuttal, the plaintiff offered this letter in evidence, for the purpose of contradicting the testimony of Mr. Beatty, and it was admitted against the objection of the defendants.

To this ruling the defendants excepted, and the 6th assignment of error relates to this subject.

"It is competent to impeach a witness by putting in evidence, in contradiction of a material portion of his testimony, any written statement which he may have made out of Court."

\*        \*        \*        \*        \*        \*        \*        \*

"It is a well-settled rule that statements of a witness, sought to be introduced in evidence to discredit him, are inadmissible for that purpose, unless they are inconsistent with or contradictory of his testimony on the stand, in some material particular.

"It is unnecessary that the contradiction should be in terms. All that is required is that the statement previously made by the witness be substantially inconsistent with his testimony while on the stand."

*30 Am. and Eng. Encyclopeadia of Law, pp. 1106 and 1115 and the cases there cited.*

The statements in this letter, if not in direct conflict with the testimony of Mr. Beatty, as they appear to us to be, are certainly at variance with it in reference to matters material to the issue in this case, and the said letter was therefore properly submitted to the jury to aid them in determining the credit which should be given to the testimony of Mr. Beatty as to who performed the service which procured for the defendants the said contract, and whom they had agreed to pay for said service.

The 7th assignment of error is as follows :

7. That the Court erred in charging the jury as follows: "The plaintiff, a real estate broker of the city of Philadelphia, claims that on or about March 9th or 10th, 1903, he secured or arranged a meeting between the defendants and the Landlith Improvement Company or its representatives, which meeting resulted in the defendants' securing a contract for the erection of 127 buildings in this city at or near the corner of Vandever Avenue and Spruce Street, and that in return for such service the defendants verbally agreed with the plaintiff that they would pay him one per cent. of the gross amount of the said contract; that is to say, one per cent. of the total amount of the moneys advanced for the purchase of the ground and construction of the houses and secured by mortgages upon the properties covered by the contract. The plaintiff further claims that the total amount of moneys so advanced and so secured was the sum of $149,050, and that his commission, under said agreement, amounts to the sum of $1,490.50, that being one per cent. of said sum."

As this is merely a statement, and a correct and proper statement of what the plaintiff claimed at the trial, without any expression of opinion as to the justice or legality of the claim, we are unable to see how it could have improperly affected the minds of the jury, or how it can be made a ground for the reversal of the judgment.

The remaining assignments of error are as follows :

8. That the Court erred in charging the jury as follows : "The declaration contains also the common counts for work and

labor performed, and services rendered by the plaintiff for the defendants in and about the business aforesaid ; and upon these counts, even should you believe there was no agreement upon the part of the defendants to pay the commission claimed, or any other sum, the plaintiff would be entitled to recover such sum as you believe from the evidence the services he rendered were reasonably worth to the defendants, provided you are satisfied from a preponderance of the evidence that he did render services which resulted in the defendants securing the said contract."

10.    That the Court erred in charging the jury as follows : " It is not essential to the plaintiff's recovery in this action that he should have been actually requested by the defendants to bring them in touch with the Landlith Improvement Company. If you believe that the plaintiff, with the consent of the defendants, brought the contracting parties together, and was thereby the procuring cause of the contract actually made between the defendants and said company, then the said plaintiff would be entitled to such commissions as he may have proved the defendants had agreed to pay him for the procuring of such contract ; or in the absence of such proof as to the payment of commissions to such compensation as the jury may think he reasonably deserves for the procuring of such contract."

11.    That the Court erred in charging the jury as follows " A real estate broker is entitled to his compensation, or commission either on a *quantum meruit,* or under the exprees terms of the contract or agency, whenever he procures for his principal a party with whom the principal is satisfied and who actually makes a contract with the principal at the price acceptable to the principal, provided that the broker was the procuring cause."

The declaration contains special counts upon the said alleged agreement between the plaintiff and the defendants, and also common counts for work and labor.

With the declaration was filed the following bill of particulars, which limited the scope of the common counts :

"Philadelphia, Pa. November 1, 1903.

" RICHMAN AND PROUSE,"

         "To WALTER S. RICHARDS, Dr."

"To commission of one per centum of the sum of $149,050.00, being the contract price for the erection of 127 houses at the corner of Vandever Avenue and Spruce Street, in the City of Wilmington, Delaware, for services rendered in securing the contract for the erection of said houses, as per agreement ...................................... $1,490.50

To interest from April 1, 1903......................... "

The said special counts allege that the defendants agreed to pay to the plaintiff, for his services, a commission of one per cent. on "the amount of the contract price for the erection of said houses."

The defendants contend that there was a fatal variance between the special counts and the evidence as to the sum on which the plaintiff's commissions were to be paid.

The evidence shows that in the said sum of $149,050, on which commissions were claimed by the plaintiff and allowed by the jury, was included the price of the ground on which said houses were to be erected.

The defendants insist that under the said agreement as set forth in the declaration, commissions were to be allowed only on "the amount of the contract price for the erection of said houses," exclusive of the cost of the ground, and that the verdict was therefore excessive.

The said agreement between the plaintiff and defendants, if any there was, was verbal, and the proof of it depends mainly upon the testimony of the plaintiff. His testimony is to the effect that the defendants agreed to pay him for his services one per cent. upon the gross amount of the contract to be made by the said company with the defendants, and that both he and the defendants meant thereby the total amount of the mortgages on the property to be given by the defendants to said company for its advances for the erection of

the houses, and the price of the ground on which they were to be built.

While usually the words " the amount of the contract price for the erection of said houses," might not include the cost of the ground on which the houses were to be erected, yet under the circumstances of this case, and the evidence of the plaintiff as to the said agreement, we are of the opinion that there was no material variance between the declaration and the evidence in respect to the said agreement.

In this connection it may be of interest to observe that in *Weldin vs. Wilmington, 3 Penn. 472,* this Court held, that the power given by a statute to the Board of Water Commissioners, to apply the income of the water works to completing and constructing the water works, carried with it the power to apply such income to the acquisition of such real estate as might be necessary for completing and constructing said water works.

If there was a material variance between the declaration and the evidence, as claimed by the defendants, it is now too late to raise the objection, as no exception was taken at the trial to the admission of said evidence, and the matter of variance was not otherwise brought to the attention of the trial Court.

As was said by the Court in *Kroegher vs. McConway, 149 Pa. 458,* " The defense was a denial *in toto* of any contract at all. The case was tried on its merits on that issue, and the defendants having taken their chance of a verdict cannot now be allowed to profit by the variance."

The defendants also contend that there was error in the charge of the Court as to the right of the plaintiff to recover on the common counts.

*In Hurlock vs. Murphy, 2 Houst., 556.* Chief Justice Gilpin said : " The rules of law on the subject are that so long as the special contract continues executory, the plaintiff must declare specially ; but when it has been performed and executed on his part, and nothing remains to be done but the payment of the price in money by the defendant, which is nothing more than the law would imply

against him, the plaintiff may declare generally, or in the common counts upon the implied promise, or he may declare specially on the original contract and express promise, at his election."

\* \* \* \* \* \* \* \*

" This election to sue upon the common counts, where there is a special agreement, applies only to cases where the contract has been fully performed by the plaintiff."

This is familiar law in this State, and has been approved in many cases.

The evidence on the part of the plaintiff was that there was a special verbal contract between him and the defendants for the performance by him of certain services, and the payment to him therefor of certain commissions in money, and that he had performed said services and fully executed his part of the contract.

In the above cited case of *Hurlock vs. Murphy* it was held that where there is a count on a special agreement, and the plaintiff fails to prove its existence, he may recover upon the common counts upon an implied promise to pay him whatever he may reasonably be entitled to receive upon the facts proved.

It was not the province of the Court to determine whether the special contract set forth in the declaration had been proved.

That was a question of fact which the Court properly submitted to the jury.

If the jury were satisfied from the evidence that said contract was proved, and that the plaintiff had fully performed his part of it, they were justified in finding a verdict for the plaintiff on said special counts, for the amount of his stipulated compensation.

If on the other hand the said contract was not proved to the satisfaction of the jury, they were justified in finding a verdict for the plaintiff, on the common counts, for such sum as his services to the defendants were reasonably worth.

This is the scope and meaning of the charge, and we find in it no reversible error.

For these reasons the judgment below is affirmed.