JOSEPH SONDHEIMER v. M. B. HOOVER.

APPEAL BY DEFENDANT FROM THE COURT OF COMMON PLEAS
OF LANCASTER COUNTY.

Argued May 20, 1891—Decided October 5, 1891.

(a) In an action for the breach of a warranty of soundness on the sale of
a horse, the defendant requested the court to charge that "if the jury
believe that the alleged defect was a patent defect, apparent upon care-
less inspection, then the same is not covered by a general warranty :"

1. The jury having found the fact of the warranty and its breach, and
no testimony having been submitted showing that the "alleged defect
was a patent defect, apparent upon a careless inspection," the Su-
preme Court was not called upon to consider the proposition of law as
presented.

Before PAXSON, C. J., STERRETT, GREEN, CLARK, WIL-
LIAMS, McCOLLUM and MITCHELL, JJ.

No. 123 January Term 1891, Sup. Ct.; court below, No. 53
December Term 1887, C. P.

On December 19, 1887, an appeal was entered by the de-
fendant from the judgment of a justice of the peace in favor
of Joseph Sondheimer against Moses B. Hoover. The plaintiff
filed a statement of claim averring that on November 10, 1887,
he bought from the defendant a mare which the defendant at
the time warranted to be sound; that the mare proved to be
unsound and defective, in that she had a bad and unsound eye,
which defect could not be seen when the plaintiff bought her;
and that the plaintiff had sold the mare at a loss of sixty dol-
lars, to recover which this suit was brought. The defendant
pleaded non-assumpsit.

At the trial, on October 24, 1890, the plaintiff testified that
at the time of the sale of the mare the defendant guaranteed
her to be sound and all right, with the exception of "one big
teat." In this he was corroborated. The defendant testified
that he merely represented the mare to be sound as far as he
knew. There was testimony submitted to the effect that a
day or two after the purchase of the mare it was found that
she had a defective eye, known as "blue-eye," discoverable by

Arguments.

examination in the light.   One of defendant's witnesses testified that he had worked with the mare, had led her out for examination at the time of the sale, and that he never noticed the defect in the eye.   Another witness, called by the defendant, testified that he had worked with the mare, and saw her a few days before the sale, but did not see anything wrong with her eyes.

At the close of the testimony, the court, PATTERSON, J., submitted to the jury the testimony on the subject of the warranty, and answered certain points presented for instruction as follows:

The plaintiff requests the court to charge the jury:

1. If the jury believe, from the evidence, that the eye of the horse was defective and that this defect impaired its value, even if Hoover was utterly ignorant of the defect, if he warranted the horse to be sound, the verdict must be for the plaintiff for such an amount as will compensate him for the damage he has suffered.

Answer: Affirmed.

2. It makes no difference whether Hoover knew the horse was unsound or not; if he warranted it sound, and the defect existed at the time of the sale, the verdict must be for plaintiff.

Answer: Affirmed.

The defendant requests the court to charge the jury:

1. If the jury believe the testimony of the defendant, that when he sold the mare in controversy, he sold the mare to him to be sound " only as far as he knew," that these words do not amount to a warranty.

Answer: Affirmed.

2. That, if the jury believe that the alleged defect was a patent defect, apparent upon careless inspection, then the same is not covered by a general warranty.

Answer: Refused.[1]

—The jury returned a verdict in favor of the plaintiff for $70.64.   Judgment having been entered, the defendant took this appeal and assigned for error:

1. The refusal of the defendant's point.[1]

Mr. Philip D. Baker (with him Mr. A. W. Snader), for the appellant.

Syllabus.

That a general warranty does not usually extend to defects apparent on simple inspection, requiring no skill to discover them, nor to defects known to the buyer, counsel cited: 2 Benj. on Sales, *610, § 821.

Mr. J. Hay Brown (with him Mr. W. U. Hensel), for the appellee.

Counsel cited: 1 Benj. on Sales, 2d ed., 502.

PER CURIAM:

We do not think it was error to deny the defendant's second point, which asked the court to instruct the jury " that, if the jury believe that the alleged defect was a patent defect, apparent upon careless inspection, then the same is not covered by a general warranty." The jury have found the fact of a warranty, and the breach. Said breach related to a defect in the eye, known among horsemen as "blue-eye." Our attention has not been called to a word of testimony showing that this was "a patent defect, apparent upon careless inspection." We are not called upon to consider the law as stated in the point, for the reason that it is of no importance, unless based upon the testimony in the case.

Judgment affirmed.