## Dempsey v. Petersburg Savings & Insurance Company.

*Foreign attachment—Motion to quash—Facts dehors the record.*

While the court has power to quash a writ of foreign attachment, upon proof outside the record that the defendant is a resident of the state, or that the property is not such as is liable to attachment, it has no such power to quash on a motion based on the garnishee's affidavit that the defendant does not owe the debt demanded.

The refusal to quash a writ of foreign attachment is not a final judgment, and is, therefore, not the subject of an appeal.

Argued Oct. 20, 1904. Appeal, No. 160, Oct. T., 1904, by the Philadelphia & Reading Railway Company, Garnishee, from orders of C. P. No. 5, Phila. Co., June T., 1904, No. 1756, discharging rules to dissolve and quash a foreign attachment in case of Dempsey, Son & Co. v. Petersburg Savings and Insurance Company, defendant and the Philadelphia and Reading Railway Company, Garnishee. Before RICE, P. J., BEAVER, ORLADY, SMITH, PORTER, MORRISON and HENDERSON, JJ. Affirmed.

Rules to dissolve and quash writs of foreign attachment. The opinion of the Superior Court states the case.

*Errors assigned* were the orders of the court.

*Theodore W. Reath*, with him *Thomas Reath* and *Joseph I. Doran*, for appellant.—Upon proof of facts not disclosed by the record and showing the absence of jurisdiction the court has power to quash a foreign attachment under a rule to quash: Nicoll v. McCaffrey, 1 Pa. Superior Ct. 187; Steele v. Goodwin, 113 Pa. 288; Bank v. Crosby, 179 Pa. 63; Turner v. Larkin, 4 Pa. Superior Ct. 284.

What the garnishee offers, on behalf of the defendant, to prove, by the depositions to be taken under the rule to quash, is not that the plaintiffs have no cause of action, but, the fundamental and jurisdictional fact that there is a lack of privity or contractual relations between the defendant and these plaintiffs and, if this be proven, the jurisdiction in foreign attachment fails and the attachment must be quashed: Nicoll v.

McCaffrey, 1 Pa. Superior Ct. 187 ; Holland y. White, 120 Pa. 228 ; Miller v. Spreeher, 2 Yeates, 162.

The discharge of the three rules in the case at bar constituted a final judgment and is the subject of an appeal.

*George P. Rich*, for appellee.

PER CURIAM, December 12, 1904 :

This is an action of assumpsit begun by foreign attachment. In response to a rule to show cause of action and to dissolve, the plaintiffs filed an affidavit of cause of action, the sufficiency of which is not questioned. Subsequently the garnishee obtained a rule to quash the attachment, which rule was based on an affidavit denying the contractual liability alleged in the plaintiffs' affidavit. The court discharged the rule to dissolve and the rule to quash, and also refused the garnishee's motion for leave to take depositions in support of the latter rule. These are the matters assigned for error.

In Nicoll v. McCaffrey, 1 Pa. Superior Ct. 187, after pointing out the distinction between a motion to dissolve and a motion to quash, we said : " But it is now too well settled by precedent to permit discussion, that the court has power to quash a writ of foreign attachment upon proof of facts which are not disclosed by the record, as for example, that the defendant is a resident of the state or that the property is not liable to foreign attachment." But no such facts were alleged here. The issue raised by the two conflicting affidavits was as to the very merits of the plaintiffs' claim, not as to any fact essential to their right to sue in assumpsit for the recovery of the debt demanded, and to issue a writ of foreign attachment to compel the defendant's appearance to the action. We are all of opinion that the court was clearly right in refusing to try and determine that issue in this summary manner.

The distinction between a motion to quash upon the ground that the defendant is a resident of the state, or that the property is not such as is liable to attachment, and a motion to quash based on the garnishee's affidavit that the defendant does not owe the debt demanded, was recognized in the case above cited, and more distinctly pointed out in the cases therein referred to. Moreover, the refusal to quash the writ was not a

final judgment, and is therefore not the subject of an appeal : Bellah v. Poole, 202 Pa. 71, and cases there cited.

Appeal quashed at the appellants' cost, and record remitted with a procedendo.