## Reynolds *v.* Ramsey, Appellant.

*Contract—Sale—Warranty—Breach of warranty—Damages.*

1. What the plaintiff is entitled to recover where the breach of warranty is proved is the difference between the value of the chattel as warranted and its value in the condition in which it actually was.

2. In an action on the warranty of a horse it is reversible error for the court to charge in effect that if there was a breach of warranty what the plaintiff was entitled to recover was the difference between what he had paid for the horse, and the amount he subsequently received for it at a public sale; and this is especially so where there is no evidence of the value of the horse at the time that plaintiff bought him, except as might be inferred from the price paid, and the defendant's evidence is strong in support of the claim that the horse was sound at the time of the sale.

Argued Nov. 11, 1913. Appeal, No. 102, Oct. T., 1913, by defendant, from judgment of C. P. Lancaster Co., Sept. T., 1912, No. 29, on verdict for plaintiff in case of John S. Reynolds v. Winfield S. Ramsey. Before RICE, P. J., HENDERSON, MORRISON, ORLADY, HEAD and PORTER, JJ. Reversed.

Appeal from judgment of a justice of the peace. Before LANDIS, P. J.

The facts are stated in the opinion of the Superior Court.

The trial judge charged in part as follows:

If the verdict should be for the plaintiff, then, and then only, the jury must ascertain the damages sus-

98 REYNOLDS *v.* RAMSEY, Appellant.

Charge of Court below—Opinion of the Court. [56 Pa. Superior Ct.

tained. The plaintiff claims, and has set forth in his statement a claim for $82.50, being the difference between the purchase price paid Ramsey and the amount realized at a public sale held at the hotel in Bird-in-Hand about April 10, 1902,—I think that was the date. If this sale held was a bona fide sale, then it would indicate that the loss sustained by the plaintiff was that amount; but its good faith is for the jury. If the sale was not bona fide, then there could be no recovery for the plaintiff, because the plaintiff's claim rests upon that sale,—the difference between the amount that he received at that sale and the amount that he paid for the horse.

Verdict and judgment for plaintiff for $87.10. Defendant appealed.

*Error assigned* among others was portion of charge as above, quoting it.

*B. F. Davis* for appellant, cited: Miller Lock Co. v. Diehl Mfg. Co., 37 Pa. Superior Ct. 585; Weed v. Weinberger, 12 Pa. Superior Ct. 12; Cothers v. Keever, 4 Pa. 168; Potteiger v. Huyett, 2 W. N. C. 690; Kase v. John, 10 Watts, 107; Eshelman v. Lightner, 169 Pa. 46.

*M. G. Schaeffer* for appellee, cited: Sondheimer v. Hoover, 144 Pa. 221; Van Leer v. Earle, 26 Pa. 277; Petrified Bone Min. Co. v. Rogers, 150 Fed. Repr. 445.

OPINION BY HENDERSON, J., February 20, 1914:

This is an action on a warranty alleged to have been given on the sale of a horse. The proceeding was commenced before a magistrate and appealed to the court of common pleas. While the declaration sets forth a state of facts which would support an action of deceit the cause of action is declared to be the contract of warranty and this must be so for the deceit was not

cognizable before the magistrate and the action must stand on the contract if it is to be sustained. There was evidence of an express warranty and the finding of the jury established that fact. The principal discussion on the appeal related to the instruction of the court on the measure of damages. The sale took place on February 27, 1912, at which time the price agreed on, $132.50, was paid. About seven weeks afterward the plaintiff sold the horse at public sale at a hotel in Bird-in-Hand. This sale was advertised by a written notice posted at another place than the hotel where the sale took place. It was alleged by the plaintiff that he sent notice of the proposed sale, to the defendant but the defendant denied that he received such notice although he admitted that he had heard from some source that the horse was to be sold. The price received for the horse at the public sale was $50.00. The plaintiff claimed the difference between what he paid the defendant and what he received for the horse. On the subject of the measure of damages the instruction of the court was in the language following: "The plaintiff claims and has set forth in his statement a claim for $82.50, being the difference between the purchase price paid Ramsey and the amount realized at a public sale held at the hotel in Bird-in-Hand about April 10, 1912,—I think that was the date. If this sale held was a bona fide sale, then it would indicate that the loss sustained by the plaintiff was that amount; but its good faith is for the jury. If the sale was not bona fide, then there could be no recovery for the plaintiff, because the plaintiff's claim rests upon that sale,—the difference between the amount that he received at that sale and the amount that he paid for the horse." The measure of damages for such cases is definitely established. What the plaintiff is entitled to recover where the breach of warranty is proved is the difference between the value of the chattel as warranted and its value in the condition in which it actually was: Sedgwick on Damages,

290; Cothers v. Keever, 4 Pa. 168; Seigworth v. Leffel, 76 Pa. 476; Freyman v. Knecht, 78 Pa. 141; Himes v. Kiehl, 154 Pa. 190; Shoe v. Maerky, 35 Pa. Superior Ct. 270; Miller Lock Co. v. Diehl Mfg. Co., 37 Pa. Superior Ct. 585. The title having passed to the plaintiff and possession of the horse having been retained by him his right of recovery is limited to the difference in value as shown in the foregoing and other authorities. It was the duty of the court to state to the jury the law on the subject and this the learned trial judge doubtless intended to do in the portion of the charge above quoted. A consideration of that part of the instruction to the jury in the light of the authorities cited satisfies us that the jury would understand it to be a limitation of their inquiry on the subject of damages. It was in effect an instruction that if there was a breach of warranty what the plaintiff was entitled to recover was the difference between the amount he had received at the public sale and the amount he paid for the horse. There was no evidence of the value of the horse at the time the plaintiff bought him except as might be inferred from the price paid, and in the absence of any other evidence the contract price could prima facie be presumed to be the real value. The defendant at least could not object to that presumption. The sale at the tavern took place several weeks after the plaintiff purchased. Little notice was given that it was to be held and the plaintiff announced to the bystanders what he considered to be the bad qualities of the horse. The price obtained might therefore have been slight evidence of the actual value. The defendant's evidence was quite impressive in support of his claim that the horse was sound at the time he sold him and this might have had some bearing on the case if the rule as to the measure of damages had been clearly stated. The appellee brings to our notice the cases of Sondheimer v. Hoover, 144 Pa. 221; Toner v. Zell, 149 Pa. 458, and Brinser v. Longenecker & Bausman, 169 Pa. 51, as

authorities supporting the charge, but the question of the measure of damages did not arise in any one of these cases. Each of them turned on an entirely different proposition. They are only authorities for what was decided by the Supreme Court. We are all of the opinion that the instruction on the measure of damages was not adequately given and that for this reason the judgment must be reversed.

The judgment is reversed and the record remitted to the court below with a v. f. d. n.