# G. B. Hurt, Inc., v. Fuller Canneries Company, Appellant.

*Practice, Supreme Court—Appeals—Questions not raised below.*
1. Questions not raised in the lower court will not be considered on appeal.

*Practice, C. P.—Amendment—Statement of claim—Adding exhibits to statement—Change of measure of damages.*
2. The trial court committed no error in granting leave to add exhibits to the statement of claim in a foreign attachment where the exhibits were referred to in the statement of claim and had been omitted by inadvertence.
3. An amendment to a statement of claim which merely changes the measure of damages alleged, may be properly allowed since such a change does not change the nature of the cause of action but only affects the quantum of damages claimed.

*Foreign attachment—Plaintiff's right to attach money in his own hands.*
4. The plaintiff in a foreign attachment may attach in his own hands moneys belonging to the defendant.

Argued Oct. 17, 1918. Appeal, No. 75, Oct. T., 1918, by defendant, from order of C. P. Allegheny Co., July T.,

1917, No. 2208, discharging rule to dissolve a writ of foreign attachment in the case of G. B. Hurt, Inc., v. Fuller Canneries Company, a Corporation, appellant. Before Brown, C. J., Frazer, Walling, Simpson and Fox, JJ. Affirmed.

Rule to dissolve foreign attachment. Before Swearingen, J.

The facts appear in the opinion of the Supreme Court.

*Errors assigned* were allowing amendments to plaintiff's statement of claim, and the order of the court discharging the rule to dissolve attachment.

*Robbins B. Wolf*, for appellant.—Failure to attach the contracts to the statement of claim was a defect that could not be amended: Schneck v. Freeman, 55 Pa. Superior Ct. 38.

It was error to permit amendments to plaintiff's statement: Hallowell v. Tenney Canning Co., 16 Pa. Superior Ct. 60; Eldridge v. Robinson, 4 S. & R. 548; Panarella v. Sims et al., 64 P. L. J. 187.

The affidavit should be clear and explicit, and state the facts positively and in detail, and must set forth a good cause of action; nothing can be inferred in aid of it: Mollett v. Fonsera, 4 S. & R. 543; Jacoby v. Gogell, 5 S. & R. 450; Del. Mut. Ins. Co. v. Walker, 1 Phila. 104; Graham v. Canton & W. R. R. Co., 25 W. N. C. 65.

*John M. Redden*, with him *A. Seder*, for appellee.— The cause of action was not changed by amending statement changing measure of damages: Com. to use v. Baxter & Co., 235 Pa. 179.

One may attach in his own hands a debt due the defendant: Coble v. Nonemaker, 78 Pa. 501; Hanscom v. Chapin, 27 Pa. Superior Ct. 546; Keystone Brewing Co. v. Canavan, 221 Pa. 366.

OPINION BY MR. JUSTICE FOX, January 4, 1919:

The G. B. Hurt, Inc., issued a writ of foreign attachment in the Court of Common Pleas of Allegheny County against the Fuller Canneries Company to recover the sum of $2,681.25, and attached in its own hands the sum of $1,428.97, being the amount of a judgment obtained by the Fuller company against G. B. Hurt, Inc., in a suit in the county court of Allegheny County. An appearance was entered by the Fuller company, de bene esse, in this attachment, and a motion was made to quash the writ and dissolve the attachment. The grounds of the motion were, first, that the plaintiff was attaching moneys in its own hands; second, that the statement of claim did not set forth a legal cause of action; third, that the damages were speculative; and, fourth, that the action was premature as the suit in the county court was pending and undetermined. The foreign attachment was issued on the 22d of June. On the 28th of August the motion to show cause was filed and shortly thereafter argument was had on the motion to quash the writ and dissolve the attachment.

The appellant at this argument alleged that as the statement did not have attached to it the exhibits which were referred to in the body of the statement as Exhibits A and B, and which contained the account upon which the suit was based, the statement of cause of action was, therefore defective. Counsel for the appellee stated that the failure to attach the exhibits was a mere inadvertence and he then made a motion to be permitted to add the exhibits to the statement already filed. Although the matter was argued in September no order of the court was made until the 2d of February following, when the court directed that "if the plaintiff within ten days attach Exhibits A and B to the statement of claim and otherwise amend the statement as herein indicated, the rule to quash should be discharged." Under this permission of the court an amended statement was filed containing Exhibits A

and B. The amended statement differed from the original in that it alleged that the defendant was a non-resident corporation and there the rule as to the measure of damages was correctly stated. The original affidavit alleged that the measure of damages was based upon the profit which might have been realized from the sale of the goods delivered, while in the amended statement the measure of damages claimed was the difference between the contract price of the goods and the market value at the time and place of delivery. This reduced the claim of the plaintiff from $9,578.00 to $2,681.25.

A number of questions are raised by the assignments of error, some of which were raised in the lower court and others are suggested for the first time here. As we have repeatedly ruled we will only consider the questions which arose at the hearing in the lower court (Armstrong v. Philadelphia, 249 Pa. 39; Weiskircher v. Connelly, 256 Pa. 387).

The first, second, fifth and sixth assignments of error relate to the failure to attach the exhibits to the statement of claim. The appellant complains that this failure was fatal to the attachment and that it should have been quashed. In support of this contention the case of Schneck v. Freeman, 55 Pa. Superior Ct. 38, is cited. In that case neither in the original affidavit filed nor in the amended affidavit was there any clear statement of the goods sold by the plaintiff to the defendant, and the court held that in the absence of a specific statement of the nature of the plaintiff's claim there could be no recovery. It is a well-settled rule in Pennsylvania that as to matters of substance there can be no amendment, but in merely formal matters amendments to affidavits showing cause of action have been repeatedly allowed. By inadvertence, in the present case, the exhibits referred to in the original statement as Exhibits A and B were not actually attached to the affidavit. Immediately upon the cause being called for argument, the plaintiff

asked leave to attach these exhibits to the statement and the court in its order permitted the amendment to be made. We think this is not a matter of substance but is largely formal and technical. The basis of the action is unchanged and the exhibits add only details or items. The appellant also complains that there was great delay in the amendment. This is not properly chargeable to the plaintiff below. The writ was issued June 22, 1917, motion to quash filed August 31, 1917, the argument had early in September and the decision of the court February 2, 1918. We feel that the court committed no error therefore in allowing the amendment attaching the exhibits to the statement of claim inasmuch as they were referred to in the original statement.

It is also alleged that as the amended statement contains a change in the rule to be applied relating to the measure of damages, this is a material amendment and it should not have been permitted. There has been considerable difference of opinion in the various jurisdictions in America as to this question. Our own cases seem to indicate that an amendment of this character can be allowed where it does not introduce another cause of controversy, or where the merits of the case can not be reached without such an amendment. In Rodrigue v. Curcier, 15 S. & R. 81, the fact that the merits of the case could not be reached without an amendment led the court to permit such an amendment and the case has been followed by many of the subsequent cases. See also Cassell v. Cooke, 8 S. & R. 268.

In the case of Commonwealth to use v. Baxter, 235 Pa. 179, the late Mr. Justice ELKIN discussed the question quite fully. In that case the question arose as to the liability on a bond given to dissolve a foreign attachment, and in that respect the case differed from the case at bar. After discussing some of the earlier authorities, the court said:

"According to these tests, it may be accepted as the settled rule in Pennsylvania, that an amendment of

the ad damnum clause, without changing the ground of recovery relied on, does not introduce a new cause of action."

A little later in the opinion the court further said:

"In none of our cases has it been held, as it has been in some other jurisdictions, that a change in the measure of damages alone, disconnected with any other change in the pleadings, amounted to the introduction of a new cause of action."

In the present case the amended statement filed does not change the nature of the cause of action in any way, nor destroy the identity of the original cause of action. It reduces the quantum of damages claimed because the original statement suggests a speculative element of damages which could not be permitted.

The third assignment of error raises the question as to whether the plaintiff can attach in its own hands a debt due the defendant. The learned counsel for the appellant argues that while this question has been discussed in various opinions of this court for many years, it has never been properly decided or decided in a case where the question is squarely raised. We cannot agree that this question has not been definitely ruled heretofore. In the case of Coble v. Nonemaker, 78 Pa. 501, the court said:

"A person may attach goods in his own hands belonging to a defendant, or money which he himself owes to a defendant."

This is followed by the decision in Hanscom v. Chapin, 27 Pa. Superior Ct. 546, where a foreign attachment was issued and the plaintiff attached not only goods but money in his own hands, and the court sustained the attachment. There is no difference in principle between the attachment of goods and of money, but that there may be no further misapprehension as to the propriety of the practice, we now hold that plaintiff in a foreign attachment may attach in his own hands moneys belonging to defendant. We do not discuss the other questions

raised as they were not suggested in the court below on the motion to quash. The jurisdictional fact as to the nonresidence of the plaintiff is set forth in the præcipe for the issuance of the attachment. This was followed by the same averment contained in the amended statement of cause of action. Were we therefore disposed to consider this question we would hold that under the circumstances the averment was sufficient.

The other assignments are overruled and the judgment is affirmed.