## Seanor, Appellant, *v.* Fitt et al. (No. 2).

*Foreign attachment—Motion to quash—Self-sustaining record —Discretion—Abuse of discretion.*

1. A motion to quash a writ of foreign attachment must specify the reasons therefor.

2. The record must be self-sustaining in all cases where a court summarily interferes with the statutory rights of a litigant.

3. Quashing a writ in the absence of such record is an abuse of discretion—if, indeed, it is the exercise of a discretion.

Submitted Oct. 4, 1918. Appeal, No. 171, Oct. T., 1918, by plaintiff, from order of C. P. Westmoreland Co., May T., 1918, No. 12, quashing writ of foreign attachment in case of George W. Seanor, Executor of Noah Seanor, deceased, v. John H. Fitt, notice to George W. Seanor, Executor of Noah Seanor, deceased, George H. Hileman, John P. Kilgore, Sheriff, H. K. Shaffer and Benjamin H. Thompson, Garnishees. Before BROWN, C. J., STEWART, WALLING, SIMPSON and FOX, JJ. Reversed.

Motion to quash writ of foreign attachment. Before COPELAND, J.

The court quashed the writ.

*Error assigned* was the order of the court.

*Hugh W. Walkinshaw* and *Lewis C. Walkinshaw,* for appellant.—The court abused its discretion, under the

state of the record as here presented, in quashing the writ against any one or all of the garnishees named therein: Holland v. White, 120 Pa. 228; Grieb v. Kuttner, 135 Pa. 281; Steel v. Goodwin, 113 Pa. 228; Morch v. Raubitchek, 159 Pa. 559; Sheip v. Price, 3 Pa. Superior Ct. 1; Johnston v. Menagh, 4 Pa. Superior Ct. 154; Hapgood v. Saupp, 7 Pa. Superior Ct. 480; Whitby Avenue, 22 Pa. Superior Ct. 526; Miller v. Summers, 13 Pa. Superior Ct. 127; Phœnix Press v. MacKenzie, 32 Pa. Superior Ct. 183.

*Benjamin H. Thompson* and *H. K. Shaffer,* for appellee.—In Pennsylvania the appellate court will not review the decree of the lower court in quashing a writ of foreign attachment: Holland v. White, 120 Pa. 228; Lindsley v. Malone, 23 Pa. 24; Bain v. Funk, 61 Pa. 185; Nicoll v. McCaffrey, 1 Pa. Superior Ct. 187; First Natl. Bank of Omaha v. Crosby, 179 Pa. 63; Thos. Moore Distilling Co., 234 Pa. 413.

OPINION BY MR. JUSTICE SIMPSON, January 20, 1919:

Plaintiff issued a writ of foreign attachment and summoned five garnishees, viz: himself, three other individuals and John P. Kilgore, the sheriff of the county. Defendant moved to quash the writ as to all the garnishees, none of whom joined in the motion, without averring any reason therefor, but evidently upon the ground that money in the hands of a sheriff is in custodia legis, and not the subject of an attachment. The attachment was quashed expressly upon that ground, and plaintiff appeals.

The court below should have refused to entertain the motion to quash until and unless defendant stated of record his reasons for asking the intervention of the court. The record was regular on its face; and the attachment, so far as appears, was properly issued. No affidavit of cause of action was asked for or filed, and no depositions were taken. Under such circumstances

SEANOR, Appellant, *v.* FITT et al. (No. 2).    393

1919.]            Opinion of the Court.

it was an abuse of discretion (if it was the exercise of a discretion) to quash the writ, for its effect, if sustained, would be to deprive plaintiff of an opportunity to have the action of the court below reviewed on a matter of law, as of right he should have: Grieb v. Kuttner, 135 Pa. 281. In all cases of quashing writs, or otherwise interfering with a litigant's statutory rights, the record should be self-sustaining, and show why the court is asked to act.

The order of the court below quashing the writ of foreign attachment is reversed, and a procedendo awarded.