## Jaffe *v.* Kramer and Kramer, Appellants.

*Real estate—Action for money paid on account of sale—Res adjudicata—Former suit—Appeals—Record.*

On an appeal from the findings of a trial judge, in favor of plaintiff, for money paid on account of the sale of real estate, the plea of res adjudicata will not be considered if it appears that the record of the proceedings in the other court were not made a part of the record in the case appealed. If the defendants desired the appellate court to review the ruling of the trial judge in refusing to admit the record, not only the pleadings but also the notes of testimony in the other suit should have been placed on this record.

Argued October 10, 1923. Appeal, No. 211, Oct. T., 1923, by defendants, from the judgment of the Municipal Court of Philadelphia, June T., 1922, No. 681, in favor of the plaintiff in case, tried by the court without a jury, in suit of Abraham Jaffe v. Jacob Kramer and Gussie Kramer. Before ORLADY, P. J., PORTER, HENDERSON, TREXLER, KELLER, LINN and GAWTHROP, JJ. Affirmed.

Assumpsit to recover money and expenses incurred in the sale of real estate. Before LEWIS, J., without a jury.

The facts are stated in the opinion of the Superior Court.

The court found in favor of the plaintiff in the sum of $680 and entered judgment thereon. Defendants appealed.

*Errors assigned* were various findings of fact, conclusions of law and the judgment of the court.

*Harry Balis,* and with him *Joseph Gross,* for appellants.—The court erred in refusing to admit in evidence the record in the equity case between the same parties: Nernst Lamp Company v. Hill, 243 Pa. 449; Peoples Water Company v. Pittston, 241 Pa. 208; Westcott v. Edmunds, 68 Pa. 34; Ætna Explosive Co. v. Diamonds

442, (1923).]   Arguments—Opinion of the Court.
Alkali Co., 277 Pa. 392; Kilck v. Gernert, 220 Pa. 503;
Shaffer v. Lauria, 64 Pa. Superior Ct. 265.

*Maurice G. Weinberg* and *Herbert B. Weinberg*, for
appellee, cited: Pasquinelli v. Southern Macaroni Co.,
272 Pa. 468; Mansfield v. Redding et al., 269 Pa. 357;
Irwin v. Bleakley, 67 Pa. 24.

PER CURIAM, November 19, 1923:
Plaintiff sued in assumpsit to recover down money
paid and certain expenses incurred by him under an
agreement to purchase real estate. The agreement pro-
vided for performance within ninety days from the date
thereof, time to be of the essence of the contract. Plain-
tiff's statement averred a subsequent agreement between
the parties to extend the time for settlement to October
14, 1921; that plaintiff was at all times ready, willing
and able to perform his part of the contract and offered
defendants the moneys due under the contract and re-
quested a deed for the property, but that defendants
wholly failed and refused to perform and gave as their
reason that they were unable to find another property
in which to live and conduct a business. The affidavit
of defense denied all the material averments of the state-
ment. The case was tried before Judge LEWIS of the
municipal court, who found for plaintiff. Appellants'
statement of the questions involved is as follows:
  1. In a suit by a purchaser of real estate for the return
of his deposit and expenses on the ground that there was
an oral extension of the written agreement during which
defendants refused to convey, is it proper to exclude
evidence offered by defendants on a plea of res adjudi-
cata that, prior to the institution of this suit at law,
plaintiff brought a suit in equity for specific perform-
ance resulting in a final decision that there had been no
oral extension, and that the plaintiff has been in default?
  2. May a judge base his finding upon excluded evi-
dence? The first question is conclusively answered by

the fact that no part of the record of the proceedings in the suit in equity was made part of the record in the case at bar. If defendants desired to have us review the ruling of the trial judge in refusing to admit the record, not only the pleadings but also the notes of testimony of the equity suit should have been placed in this record. This point is ruled in the recent opinion by the Chief Justice in Pasquinelli v. Southern Macaroni Mfg. Co., 272 Pa. 468. The contention that the trial judge based his findings upon excluded evidence refers to the statement in the opinion of the trial judge that the decree in the equity suit for specific performance of the contract here involved was without prejudice of the right of plaintiff to recover the part of the purchase money paid in a court of law. This statement was made in justification of the court's ruling that the record of the equity suit was not admissible. Whether it was or not we cannot determine, for the reasons already stated.

The judgment is affirmed