## Pasquinelli, Appellant, *v.* Gross.

*Foreign attachment—Cause of action—Res adjudicata.*

Where a plaintiff in a foreign attachment, admits of records that his cause of action has already been determined against him in another proceeding, he will not be allowed to reopen the case in a form of a foreign attachment, and the attachment will be dissolved.

Argued April 29, 1920.   Appeal, No. 83, April T., 1920, by plaintiff, from order of C. P. Allegheny County, January T., 1920, No. 860, making absolute rule to show

cause of action and to show cause why attachment should not be dissolved in the case of G. Pasquinelli v. Alexander J. Gross and Felix Gross, partners, trading as Ignatius Gross Company. Before PORTER, HENDERSON, HEAD, TREXLER, KELLER and LINN, JJ. Affirmed.

Rule to quash or dissolve foreign attachment. Before SHAFER, P. J.

The facts are stated in the following opinion of the court below:

This rule was made absolute on the argument list December 15, 1919. The plaintiff having taken an appeal, we are now requested by him to file an opinion. We have now no recollection of what was said or done when the case was disposed of and are compelled to make a hasty review of the case and state what we suppose were the reasons which guided the court at the time.

The petition on which the rule was granted shows that the defendants herein had brought a suit against plaintiff in the County Court of Allegheny County wherein judgment was entered against the plaintiff herein for four hundred and sixty dollars. The sole issue in that case was the right of the plaintiff herein to set off against the claims of the defendant herein, his alleged damages arising out of certain misrepresentations in the sale of beans; that not only was this set-off made, but plaintiff was required to set it up by the act, creating the county court. After this judgment was rendered, instead of paying it off, the plaintiff herein issued a writ of foreign attachment to attach the judgment in his own hands and set up, as his cause of action, the same misrepresentations which he alleged in the action in the county court.

To the petition alleging these facts, no answer was filed and under the rules of this court, the petition was therefore taken to be true. The only question therefore,

is whether upon this admitted state of facts, the court was right in making the rule absolute.

It seems to us that when a party admits of record that his cause of action has already been determined against him by judgment, he ought not to be allowed to found it upon a foreign attachment: Downing v. Phillips, 4 Yeates 274; Nicoll v. McCaffrey, 1 Pa. Superior Ct. 187.

*Error assigned* was the order of the court dissolving the attachment.

*Max J. Spann,* and with him *James A. Wakefield,* for appellant.

*John M. Ralston,* and with him *Frank W. Stonecipher,* for appellee.

Per Curiam, July 14, 1920:

The opinion filed by President Judge Shafer so clearly demonstrates the correctness of the conclusion reached by the court below that further discussion of the question involved is not necessary.

The judgment is affirmed.