## Reiszner v. L. Shapiro Shoe Company et al.

*Res adjudicata — Judgment for plaintiff where set-off was pleaded by defendant in former action, conclusive in subsequent foreign attachment by defendant for same cause of action.*

Where it appears from the affidavit of cause of action that the claim upon which a foreign attachment was based is in substance the same as that alleged by the plaintiff in the attachment as a defence by way of set-off in a former action by the defendant in the attachment against him in which there was a judgment for plaintiff (the defendant in the attachment), the judgment is conclusive and the attachment will be quashed, although the defence there pleaded is stated in the case at bar more minutely and in fuller detail than in the former suit.

Rule on defendant to quash attachment, and rule on plaintiff to file warrant of attorney, &c. C. P. No. 5, Phila. Co., Sept. T., 1921, No. 15.

*John G. Kaufman,* for plaintiff.

*P. H. Granger* (of *Reber & Granger*), for defendants.

MARTIN, P. J., Jan. 18, 1922.—L. Shapiro Shoe Company brought suit against Frank I. Reiszner in the United States Court for the Eastern District

1 D. & C.

of Pennsylvania, as of June Term, 1920, No. 7238, to recover $10,242.92 for shoes sold and delivered by the shoe company to Reiszner.

In an affidavit of defence Reiszner denied the purchase, and averred that some of the shoes were delivered to him with the privilege of returning them to the shoe company; that not all of those with which he was charged were delivered, and nearly all of said shoes were not as per sample and were not assorted in the cases as to size, according to the recognized custom of the trade and as represented, and were not of a market value, as set forth in Exhibit A of the statement, but by reason of defective workmanship, ill-fit, condition and quality of leather, and undersirable sizes, were of less market value than as pleaded by plaintiff, viz., "of not over $6700." It was further averred that he returned defective shoes which had been billed to him in the sum of $4125, and it was stated he was willing to pay $6117.94. A rule for want of a sufficient affidavit of defence was made absolute and judgment entered for $6117.94, with interest. Leave was granted to file a supplemental affidavit of defence.

In the supplemental affidavit certain shoes were specified as having been returned as not corresponding in kind and quality with the sample exhibited by the vendor, or with the representations made by the vendor or with the custom of the trade; and it was alleged that they were of inferior material and defective workmanship; that they were not merchantable goods, were not as per sample and warranty, and were returned as soon as they could be under the restrictions of freight embargo.

The case proceeded to trial in the United States Court. In a full and impartial charge the presiding judge submitted to the jury the questions whether the sale was absolute or conditional; whether the goods shipped were of merchantable quality and character; and if the jury found there was a right to reject the shoes, it was left to them to determine whether the right was exercised within a reasonable time.

The jury rendered a verdict in favor of L. Shapiro Shoe Company for the full amount of the balance claimed. A motion for a new trial, made by Reiszner, was overruled, and judgment was entered on the verdict.

Instead of paying the judgment, next day Reiszner instituted this suit of foreign attachment against the shoe company, defendant, and summoned himself as garnishee. Upon presentation of a petition by L. Shapiro Shoe Company, signed and sworn to by T. Ewing Montgomery as attorney-in-fact, setting forth the suit and judgment in the United States Court, and averring that the attachment was issued for the purpose of hindering and delaying the shoe company in collecting the judgment, the rule was entered to show cause why the attachment should not be quashed.

Reiszner filed an answer, and demurred to the petition, and an affidavit of cause of action, by which it appears that the suit is for the recovery of damages from the shoe company for losses which Reiszner claims to have suffered by reason of some of the shoes purchased by him from the shoe company and the subject of the suit in the United States Court in which the shoe company obtained a judgment against him, being of inferior quality and not corresponding with the sample displayed by the shoe company when Reiszner made the purchase; also, credit is claimed for some of the shoes alleged to have been returned to the shoe company before the suit in the United States Court was instituted. It further appears from the United States Court record, which was placed in evidence, that the same matters were made a subject of defence in the suit between these same parties in that court.

The judgment entered in that case is final and conclusive. Although Reiszner's set-off or defence there pleaded, is stated in the present suit more minutely and in fuller detail, he cannot recover in an independent suit: Pennock *v.* Kennedy, 153 Pa. 579, 582.

"After a claim has been put in judgment, set-off as against the claim so judicially determined is conclusively presumed to have been made, and the strife over it is at an end:" McClain's Estate, 180 Pa. 231.

"There is no rule of legal practice of higher value than that which arrests the strife of litigation by declaring that one suit and judgment is an end of controversy as to all matters in issue and which ought to have been put in issue:" Raisig *v.* Graf, 17 Pa. Superior Ct. 509, 512.

In Pasquinelli *v.* Gross, 74 Pa. Superior Ct. 296, a writ of foreign attachment was quashed when it appeared by petition that plaintiff's cause of action had been determined against him in another proceeding in another court.

T. Ewing Montgomery, who signed the petition filed in this case for the rule to quash, although described in the *jurat* as "attorney-in-fact for Shapiro Shoe Company, the petitioner above named, and authorized to make this affidavit on its behalf," was in reality acting as the agent of the shoe company, which, as appears from the statement of claim filed in the suit in the United States Court, is a corporation.

And now, to wit, Jan. 18, 1922, the rule to quash the foreign attachment issued against L. Shapiro Shoe Company is made absolute; the rule on T. Ewing Montgomery, attorney-in-fact, for his warrant of attorney, and on "plaintiff" and T. Ewing Montgomery to show cause why an appearance should not be entered of record, and an address furnished at which an answer to the petition may be served or the petition stricken from the record, are discharged.