## Patterson v. Dunkle et al.

*Pleading and practice—Ejectment—Tax sales—Judgment of non pros.— Alias writ after judgment of non pros.—Motion to quash—Contempt—Constitutionality of Act of May 16, 1919.*

1. After a judgment of *non pros.* had been entered, a rule to show cause why an *alias* writ in ejectment should not be quashed was made absolute on the ground that such a judgment of *non pros.* is final and conclusive.

2. The only known remedies after a judgment of *non pros.* has been entered are to move to strike off the *non pros.* or to begin an entirely new action, if such is not barred by the statute of limitations.

3. An *alias* writ cannot issue out of an action that does not exist.

4. An *alias* presumes an original writ and a pending action.

5. New parties cannot be brought in by an *alias*, or in any other way, to an action that is terminated by reason of a judgment of *non pros.*

6. Under the circumstances of this case, the issuance of an *alias* writ was adjudged a contempt.

7. The Act of May 16, 1919, P. L. 180, which provides a method of establishing title to land acquired at a sale for unpaid taxes or municipal claims, is constitutional and in no legal way retrospective, retroactive or special legislation.

Rule to show cause. C. P. Allegheny Co., Jan. T., 1922, No. 1386.

Before Shafer, P. J., Cohen and Drew, JJ.

*Miller & Nesbitt*, for plaintiff; *Alter, Wright & Barron*, for defendants.

DREW, J., Jan. 18, 1926.—This case is before us on a motion to quash an *alias* writ issued after a judgment of *non pros.* The reasons assigned in support of the motion are that the judgment of *non pros.* was final and conclusive and that an *alias* writ could not issue thereon; also, that this court made a final decree and enjoined Samuel R. Patterson from further proceeding against

the premises in question, and that the decree adjudicated that Patterson had no interest in the premises, and that Patterson, by issuing this *alias*, was in contempt of that decree.

Patterson answered the petition for a rule to quash, admitting the judgment of *non pros.*, also the decree enjoining him from further asserting his claim, but contends that he is not bound by the decree, for the reason that the Act of May 16, 1919, P L. 180, upon which the decree was based, is invalid, because it operates retrospectively and is special legislation.

We cannot understand how an *alias* writ can issue after a judgment of *non pros.* Such a judgment is absolutely final and conclusive, so far as that particular action is concerned. The only known remedies are to move to strike off the *non pros.* or to begin an entirely new action, if such is not barred by the statute of limitations; therefore, it must necessarily follow that an *alias* writ cannot issue out of an action that does not exist. The *alias* presumes an original writ and a pending action. Patterson claims that the purpose of the *alias* writ was to bring in new parties. That, of course, is a proper use of the writ, but you cannot bring in new parties by an *alias*, or in any other way, to an action that is terminated by reason of a judgment of *non pros.*

The decree of this court of April 23, 1924, enjoined Patterson from proceeding further in his ejectment proceeding, and his action in issuing this *alias* writ is in contempt of said decree, which provided as follows:

"The rule granted in this case on the said Clara Belle Fleming and Samuel R. Patterson, and on all other persons named in petition, and upon all persons not named in petition who have, or claim to have, any right, title or interest in, or claim against, the said land, is made absolute, and hereafter all rights or claims of such persons with respect to said land shall be totally barred, and any deficiency or defect whatever in the procedure whereby the land was acquired at sheriff's sale by petitioner as aforesaid, from the filing of the claim up to and including the actual sale and delivery of the sheriff's deed to petitioner, shall not hereafter be asserted."

Notwithstanding that decree, Patterson, on May 22, 1925, issued his *alias* writ in ejectment, filed a declaration and abstract of title, wherein the only claim to title asserted by him was by reason of an alleged defective tax sale. That a motion to quash under the circumstances is proper seems to have been decided by the case of Pasquinelli v. Southern Macaroni Co., 272 Pa. 468, where Chief Justice Moschzisker said, at pages 477-478: "An applicant to quash a writ may not aver simply a defence on the merits, or a good legal answer to the alleged debt itself; he must point to some defect in the record which renders the proceeding fundamentally irregular and void (Crawford v. Stewart, 38 Pa. 34, 36; Steel v. Goodwin, 113 Pa. 288, 292), or if (as in exceptional instances is allowed) evidence *dehors* the record is produced to establish defects therein, the defects depended on must be of a character to put plaintiff completely out of court, such as that the writ was issued in practical contempt of a previously issued decree of a chancery court forbidding such proceedings (Downing v. Philips, 4 Yeates, 274), or that it issued in a case where an injunction, if asked for, would undoubtedly have gone out against the attachment (Nicoll v. McCaffrey, 1 Pa. Superior Ct. 187), or that one of the statutory props required to sustain the attachment is missing; for example, that the person owning the property attached is a resident of the State and was within the county where the writ issued at the time of its issuance; or, again, that the property in question is, by statute, exempt from attachment; or that, for some other such reason, foreign attachment does not lie. If the most that is averred is a defence on the merits, or simply a good

legal answer to the alleged debt itself, such a defence must be developed at trial, unless an agreement on the facts, or something tantamount thereto, appears which shows a case so fully developed that, if on trial, it would require binding instructions for defendant: Pasquinelli v. Gross, 74 Pa. Superior Ct. 296."

We are, therefore, of opinion that this *alias* writ was issued in practical contempt of the decree of this court, and that, under the circumstances, this motion to quash was properly made.

We have not been impressed by the argument against the constitutionality of the Act of May 16, 1919, P. L. 180. We think the act constitutional and in no legal way retrospective, retroactive or special legislation.

### Order.

And now, Jan. 18, 1926, the rule to show cause why an *alias* writ in ejectment issued in the above entitled case should not be quashed is now made absolute.

From William J. Aiken, Pittsburgh, Pa.